**Thomas VERONE, Plaintiff,**

v.

**TACONIC TELEPHONE CORP. and Local Union No. 166, Int'l Brotherhood of Electrical Workers, Defendants.**

**No. 90–CV–641.**

United States District Court,
N.D. New York.

July 12, 1993.

Thomas A. Verone, pro se.

Paul A. Moore, Rhinebeck, NY, former counsel, for plaintiff.

Ogletree, Deakins, Nash, Smoak & Stewart, Albany, NY (Franklin H. Goldberg, Peter H. Kiefer, of counsel), for defendants.

### ORDER

McAVOY, Chief Judge.

Upon the terms of this court's Order in the above captioned case, signed June 5, 1993 (attached), and upon the July 7, 1993 letter of Thomas A. Verone attesting to Paul A. Moore's noncompliance therewith (attached), it is hereby

**ORDERED** that the United States Marshal for the Northern District of New York shall arrest Paul A. Moore and shall hold him in confinement until such time as Paul A. Moore pays to Thomas A. Verone $6,980.00 and thereby purges himself of his contempt.

**IT IS SO ORDERED.**

### ORDER

McAVOY, Chief Justice.

Plaintiff comes before this court a frustrated man. After bringing a civil action against his employer and having it dismissed as frivolous with sanctions imposed upon himself and his attorney pursuant to Fed.R.Civ.P. 11, plaintiff finds himself in the precarious position of satisfying the entirety of the sanction award. *See* Order 9/24/92 (amending Order, 11/27/91). He now seeks to have the undersigned judge recuse himself and, apparently in the alternative, to have the court hold his attorney, Paul Moore, in contempt. For the reasons discussed, I find no reason to recuse myself but do find sufficient basis to hold Mr. Moore in contempt.

### I. Background

The road to this point is a winding one and there is no need to re-travel it all. Suffice it to say that after assessing Rule 11 sanctions jointly and severally against the *plaintiff* and his attorney, and after a motion by defendant for contempt when neither Verone nor his attorney (Moore) attempted to satisfy the sanction award, the court Ordered that Verone was to pay to the defendant $400 dollars per month and that his attorney was to pay to the defendant $500 per month until such time as the then–$9,800 sanction was satisfied. Through an apparently voluntary agreement, Verone agreed to have the $400 per month garnished from his wages by the defendant. However, because the sanction was assessed jointly and severally against both Verone and his attorney, the defendant was able to continue deducting Verone's pay until such time as the whole sanction was satisfied.

When Verone realized that Moore was failing in his obligation under the court's 9/24/92 Order (thus leaving Verone to satisfy the entire sanction himself), Verone brought a contempt motion against Moore. In an Order dated 10/23/93, the court found Moore in further contempt and ordered him to pay $5,480.00 [1] to Verone within thirty days or be arrested and confined by the United States Marshal until such time as the contempt order was satisfied. However, the October 23, 1993 Order also contained a clause allowing Moore to show good cause why he could not obey the requirements of that Order. Upon this clause, Moore conferred with the court and demonstrated that good cause pre-

---

1. This amount represented his *pro rata* share of the sanction award plus an additional contempt sanction of $1,000 for his noncompliance with the court's 10/23/93 Order.

vented him from satisfying the terms of the Order—namely, that his wife was in treatment for a life threatening illness and that his law practice was in financial straits. In lieu of compliance, Moore offered to enter into a payment plan whereby he pay $500 per month directly to Verone until he satisfied his $5,480.00 debt. Over Verone's objections, the court agreed to such a payment plan but also ordered Moore to pay an additional $500 for each month that he failed to timely remit payment to Verone.

As of the date this motion, Verone attests that Moore has failed to remit payments for the months of February, March, and April of 1993. Moore has submitted no opposition to the instant motion.

## II. Discussion

### A. Recusal

■ As too often happens, Verone seeks recusal simply because the rulings in this matter have not been in his favor. He complains that the rulings in this case, especially the court's decision to forgo arrest of Moore in lieu of a monthly payment plan, evidences the court's "prejudice." Surely, through the subjective eye of the unsuccessful litigant, it is difficult to see what is and is not "justice." But the court must remain the final arbiter of this decision and, even when one party disagrees, it must abide by those convictions which objectively serve the interests of justice. Mr. Verone has presented this court with no reason or basis for recusal other than his own subjective displeasure with the rulings in the case. The court assumes that Verone proceeds under 28 U.S.C. §§ 144 [2], 455(a) & (b)(1) and the court provides the following in support of its conclusion to deny the motion for recusal.

"In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over the case. Litigants are entitled to an unbi-

ased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989) (citation omitted); *see also United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992); *United States v. Terry,* 802 F.Supp. 1094 (S.D.N.Y.1992). For this reason, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d at 1312.

"It is well-established that under [28 U.S.C. §§ 455(b)(1) & 144], which employ the same analysis in establishing whether personal bias or prejudice exists, [the court] 'looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context.'" *Terry,* 802 F.Supp. at 1097–98 (quoting *Apple v. Jewish Hospital and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987)); *see also United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (under § 144, "the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.")

"The substantive standard for recusal [under §§ 144 & 455(b)(1) ] is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Terry,* 802 F.Supp. at 1097–98 (quoting *Apple v. Jewish Hospital and Medical Center,* 829 F.2d at 333. The standard under § 455(a) is "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." *De Luca v. Long Island Lighting Co.,* 862 F.2d 427, 429 (2d Cir.1988) ((quoting *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir.1985)); *see also McCann v. Communications Design Corp.,* 775 F.Supp. 1506, 1523 (D.Conn.1991) (The standard under § 455(a) is "whether a reasonable person, knowing and understanding all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned.").

---

**2.** Mr. Verone's affidavit is arguably defective under the requirements of 28 U.S.C. § 144. It states neither the "the facts and reasons for the

belief that bias or prejudice exists" nor was it accompanied by a certificate of good faith.

The court finds here that no such conditions exist to warrant recusal. Unfavorable rulings do not in and of themselves indicate a "personal bias or prejudice concerning a party" such to justify disqualification (*see* 28 U.S.C. § 455(b)(1); *see also,* 28 U.S.C. § 144) nor do such rulings create an appearance of impropriety. *See* 28 U.S.C. § 455(a). The rulings in this case best served the interest of *justice* as judged from an objective, disinterested standpoint. Mr. Verone's subjective feelings are of no moment. Consequently, defendant's motion for recusal is denied.

### B. Contempt

■ "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *New York State NOW v. Terry,* 886 F.2d 1339, 1351 (2d Cir.1989). In the instant case, there can be no doubt that the terms of the court's December 29, 1992 Order are clear and unambiguous. The proof of noncompliance is taken from Verone's signed affidavit and the alleged contemnor has submitted no opposition to the allegations contained therein. And finally, there is no evidence that the contemptuous party has made a diligent attempt to comply. That being the case, a further finding of contempt against Moore is warranted.

■ Contempt sanctions may serve two purposes. "A civil contempt sanction may ... serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Id* at 1352 (citing *United States v. United Mine Workers,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 701–02, 91 L.Ed. 884 (1947)).

In the instant case, the contempt sanction must serve both functions. To compensate Verone for his losses, the court finds that Moore must pay Verone the entire amount previously owed—namely, $5,480.00, plus Moore must pay to Verone the sanctions awarded by the December 29, 1993 Order for non-payment—namely $500 per month for three months, or $1,500. Thus, Moore must pay to Verone $6,980.00.

The court also finds that coercive sanctions are warranted. "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Terry,* 886 F.2d at 1353.

The character and magnitude of the harm threatened by the continued contumacy is measured by the harm which the federal court will suffer from the willful and unabated disobedience of a court order by a member of the bar. To protect the integrity of the court, it is clear that the terms of the court's previous orders must be upheld.

While the December 29, 1993 Order required only monthly payments, it was clear from the body of that Order that such a device was being used in lieu of arrest. The court once again determines that arrest is warranted if Moore does not satisfy the totality of the sanction within thirty days. From the past experience of this case, it is clear that Moore finds it unnecessary to comply with payment schedules arranged for his benefit. In response to two Orders from this court, Moore has made nothing more than veiled attempts at compliance. Thus, only the threat of conditional arrest appears probably effective to bring about compliance.

And finally, Moore's failure to respond to this motion cannot be used to his benefit with regard to either the "contemnor's financial resources [or] the consequent seriousness of the sanction's burden."

That being the situation, the court finds that Moore must satisfy the full extent of his debt to Verone within thirty (30) days or to be placed under arrest and held until such time as he so satisfies this debt.

### III. Conclusion

For the reasons discussed above, it is hereby

**ORDERED** that plaintiff's motion for recusal is denied; and it is further

**ORDERED** that Paul A. Moore shall pay to Thomas A. Verone, within thirty days from the execution of this order, $6,980.00; and it is further

**ORDERED** that if Paul A. Moore fails to make such payment within thirty days, upon adequate proof of noncompliance by the complainant Thomas A. Verone, the United States Marshal for the Northern District of New York shall arrest Mr. Moore and hold him in confinement until such time as he satisfies the dictates of this order.

**IT IS SO ORDERED.**

Dated at Binghamton, New York

June 5, 1993

JULY 7, 1993
THOMAS A. VERONE
6 LAWRENCE ROAD
HYDE PARK, N.Y. 12538

U.S. DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
15 HENRY STREET
BINGHAMTON, N.Y. 13901

90–CV–641

Filed July 9, 1993

U.S. DISTRICT COURT:

MR. PAUL MOORE HAS NOT COMPLIED WITH THE COURT ORDER OF JUDGE'S MCAVOY OF JUNE 5, 1993. I HAVE NOT HEARD FROM MR. PAUL MOORE NOR HAVE I RECEIVED ANY MONIES FROM MR. PAUL MOORE. I EXPECT TO HEAR THAT MR. PAUL MOORE HAS BEEN ARRESTED AND HELD IN CONFINEMENT PER THE COURT ORDER.

/s/ Thomas A. Verone
THOMAS A. VERONE

DATED JULY 7, 1993