Michael **EBEWO,** Josephina Cruz, Joanne Hart, Julianne Polito, Thomasina Robinson, Brandi Scheiner, Plaintiffs–Appellants,

Twana Adams, Ming Bell, David Berkowitz, Jonathan Berlyne, Anthony Caminiti, Jaime Castro, Gloria Chavez, James Cullen, Diane Daniels, Louisa Ganis, Roselyne Gisors, Lisa Hayes, Michael Hollander, Eleanor Johnson, Jane Levine, Hazel Martinez, Michael Mcloughlin, Raymond Nunge, Alena Radke–Gabriel, Denise Russo, Paul Santucci, Jennifer Saunders, Jacqueline Sawyer, Alex Schreiber, Alan Schlesinger, Barbara Segall, Linda Seiffert, Daniel Smith, Gilda Teel, Eustogio Torres–Nogueras, Jacqueline Wade, Michael Westbay, George Zanetis, Mauricio Zapata, Olga Batyreva, Plaintiffs,

v.

New York State Education Department, A division/organ of the State of New York, Richard Mills, Commissioner of Education, Teacher Tenure Hearing

---

**68**

Unit, Deborah A. Marriott, Manager, Michael Bloomberg, City of New York, New York City Department of Education, Joel Klein, David M. Steiner, Comm'r of Educ., Defendants–Appellees,

Maryann FAIRMAN, Supervisor, Douglas Bantle, Stuart Bauchner, Alan Berg, Mary Crangle, Howard Edelman, Deborah M. Gaines, Joshua Javitz, Eric Lawson, Andree McKissick, Randi Lowitt, Earl Pfeffer, Arthur Riegel, Martin Scheinman, Jack Tillem, Bonnie Silberweinstock, Paul Zonderman, Eleanor M. Glanstein, Defendants.*

Nos. 10–4989–cv(L), 11–47–cv(CON).

United States Court of Appeals,
Second Circuit.

Feb. 28, 2012.

Nicholas A. Penkovsky, PC, Law Offices of Nicholas A. Penkovsky, Riverdale, N.Y., for Plaintiffs–Appellants Michael Ebewo, Joanne Hart, Julianne Polito, Thomasina Robinson, and Brandi Scheiner.

Josephina Cruz, New York, N.Y., pro se.

Sudarsana Srinivasan, Assistant Solicitor General (Benjamin N. Gutman, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y., for Defendants–Appellees New York State Education Department, Richard Mills, Teacher Tenure Hearing Unit, and Deborah A. Marriott.

Ronald E. Sternberg, Assistant Corporation Counsel (Leonard Koerner, Blanche Greenfield, of counsel, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendants–Appellees Michael Bloomberg, City of New York, New York City Department of Education, Joel Klein, and David M. Steiner.

Present: ROBERT A. KATZMANN and DENNY CHIN, Circuit Judges.**

## SUMMARY ORDER

Plaintiffs–Appellants appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) entered on November 30, 2010 (the "November 30 Judgment"), granting the defendants' motion to dismiss the plaintiffs' fourth amended complaint (the "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and denying plaintiffs' request for leave to file an additional amended pleading. The November 30 Judgment was entered in accordance with an opinion and order dated November 18, 2010, adopting Magistrate Judge Andrew J. Peck's August 23, 2010 Report and Recommendation and rejecting plaintiffs' objections to that report. *Adams v. N.Y. State Educ. Dep't*, 752 F.Supp.2d 420, 424 (S.D.N.Y.2010). We assume the parties' familiarity with the

---

\* The Clerk of Court is directed to amend the official caption as shown above.

\*\* The Honorable Susan L. Carney was originally a member of this panel but recused herself from consideration of this appeal. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Internal Operating Procedure E.

underlying facts, procedural history of the case, and the issues on appeal.

As a preliminary matter, this Court grants plaintiff-appellants Michael Ebewo, Joanne Hart, Julianne Polito, Thomasina Robinson, and Brandi Scheiner's motion to strike *pro se* plaintiff-appellant Josephina Cruz's ("Cruz") supplemental appendix because it contains documents that were not filed with the district court. *See Int'l Bus. Machs. Corp. v. Edelstein,* 526 F.2d 37, 45 (2d Cir.1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider ... evidence which [was] not part of the trial record.").

We review *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the reasons stated by the magistrate judge in his report and recommendation and by the district court in its thorough and well-reasoned decision. Cruz argues that the district court erred by not allowing her to file objections to the magistrate judge's report and recommendation; however, Cruz was represented by counsel at the time these objections were due, and her attorney filed objections on her behalf by relying on the objections filed by counsel for the co-plaintiffs.[1]

We also deny Cruz's motion to certify questions to the New York Court of Appeals. *See Penguin Group (USA) Inc. v. Am. Buddha,* 609 F.3d 30, 42 (2d Cir. 2010). The issue before this Court is not how the New York courts should interpret the state statutes governing the discipline of teachers, but whether the discipline meted out to Cruz complied with the federal constitutional standards of due process of law.

To the extent the Plaintiffs–Appellants argue that the district court should have granted them an opportunity to file another amended complaint, we find no abuse of discretion in the district court's decision to deny this request. *See McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007). The FAC was Plaintiff–Appellants' fifth pleading and, with the exception of the second amended complaint, all the complaints had been filed through counsel. In addition, the dismissals of the second and third amended complaints had been accompanied by detailed instructions from the magistrate judge and the district court regarding the deficiencies of the pleadings.

We have reviewed the Plaintiffs–Appellants' remaining arguments and find them to be without merit. For the foregoing

---

1. We also find that the Supreme Court's recent decision in *Snyder v. Phelps,* — U.S. ——, 131 S.Ct. 1207, 179 L.Ed.2d 172 (2011), which was decided after the entry of judgment in this case, is not relevant to Cruz's First Amendment retaliation claim.

reasons, the judgment of the district court is hereby **AFFIRMED**