Twana ADAMS, et al., Plaintiffs,

v.

**NEW YORK STATE EDUCATION DEPARTMENT, et al., Defendants.**

No. 08 Civ. 5996(VM).

United States District Court, S.D. New York.

Aug. 1, 2013.

Joy Hochstadt, Joy Hochstadt P.C., New York, NY, for Plaintiffs.

Blanche Jayne Greenfield, New York City Law Department, Antoinette W. Blanchette, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On April 26, 2013, the Court held a hearing in this matter regarding the failure of Nicholas Penkovsky ("Penkovsky"), attorney for certain plaintiffs in this action, to pay sanctions imposed on him by Order dated April 10, 2012 in the amount of $5,000 pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). At the hearing, the Court ordered Penkovsky to pay, either in full or in installments, the sanctions

against him within sixty days or be held in contempt of court. Penkovsky failed to pay the sanctions within the sixty days and instead, on June 25, 2013, requested that the Court modify the payment schedule. The Court declines to grant this request.

## I. BACKGROUND

By Order dated December 8, 2010, Magistrate Judge Andrew Peck, to whom this matter had been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report") recommending that a sanction in the amount of $7,000 be imposed on Penkovsky. The Court withheld ruling on the Report pending Penkovsky's appeal to the United States Court of Appeals for the Second Circuit of the Court's decisions relating to the underlying dispute, which involved the conduct by Penkovsky that prompted Magistrate Judge Peck's recommendation of sanctions. The Second Circuit affirmed those rulings. *See Adams v. New York State Education Department*, 460 Fed. Appx. 67 (2d Cir.2012). By Order dated April 10, 2012, the ("April 10 Order") this Court adopted the Report's recommendation but reduced the amount of the sanction to $5,000 (the "Sanction"). The Court directed Penkovsky to pay within thirty days of the date of the April 10 Order. When Penkovsky failed to comply the Court referred the matter to Magistrate Judge Peck for further proceedings.

Magistrate Judge Peck issued an order directing Penkovsky to pay the Sanction or show cause why further sanctions should not be imposed, and conducted a hearing on June 15, 2012 for that purpose. Following an unsuccessful attempt to obtain a stay from the Second Circuit, Penkovsky appeared at the June 15, 2012 hearing and objected to the sanctions orders. By Report and Recommendation dated June 18, 2012, Magistrate Judge Peck recom-

mended that Penkovsky be held in civil contempt for his willful failure to pay the Sanction. Magistrate Judge Peck noted that while Penkovsky contended that he was unable to pay the Sanction, he failed to provide any financial records to support that claim or to offer a reasonable payment schedule. Penkovsky then sought a writ of prohibition from the Second Circuit to halt further proceeding on this matter, which the Circuit Court denied by Order dated July 23, 2012. By Order dated October 24, 2012, this Court directed Penkovsky to pay the Sanction within five calendar days of the date of the Order and to appear at a hearing before the Court to show cause why he should not be held in civil contempt and sanctioned further. Penkovsky did not comply with the Court's order and was instructed to appear before the Court for a contempt hearing, which was held on November 9, 2012.

At the contempt hearing, Penkovsky indicated to the Court that he was unable to pay the Sanction. The Court then ordered Penkovsky to file documents under seal, including prior federal and state tax returns, for the Court to evaluate his ability to pay the Sanction. On November 21, 2012, Penkovsky submitted under seal authorizations for the Internal Revenue Service ("IRS") to release to the Court certain financial records. In response, the Court received some IRS records, but they were not entirely helpful because they were not complete, as Penkovsky did not provide a full authorization permitting Court review of both his personal and law practice tax returns.

On April 26, 2013, the Court held another contempt hearing regarding whether Penkovsky had made sufficient good faith efforts to comply with the Court's April 10 Order. At that hearing, the Court instructed Penkovsky to pay the Sanction, either in full or in installments, within sixty days or face a contempt finding and possible imprisonment. Having made no attempt to pay any part of the Sanction or otherwise communicate with the Court within the sixty day period, Penkovsky filed a ten-page letter dated June 25, 2013—the very last day of the deadline—which failed to address his alleged inability to pay the Sanction other than a cursory statement in a single paragraph in which he offered to pay a mere fifty dollars per month for the next six months—a total of $300. The letter primarily reiterated Penkovsky's previously litigated arguments attacking the legitimacy not only of the Sanction but of the Circuit Court's decisions affirming this Court's rulings in the underlying dispute. The letter digressed extensively into irrelevant philosophical polemics and highlights of Penkovsky's career and life trajectory.

## II. *LEGAL STANDARD*

■ "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. "[I]n order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir.1995).

## III. *DISCUSSION*

These sanctions proceedings have led the Court down a long and winding road. Penkovsky has left the proceedings at a standstill for a long time—nearly three years since the December 8, 2010 Report.

During that time, Penkovsky has repeatedly flouted the Court's numerous warnings and clear and unambiguous orders for sanctions, warranting a finding of contempt to preserve the authority of the Court and to compel Penkovsky to comply. *See A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 279 F.Supp.2d 341, 354–55 (S.D.N.Y.2003); *see also Verone v. Taconic Tel. Corp.*, 826 F.Supp. 632, 635 (N.D.N.Y. 1993) (finding contempt where no diligent attempt at compliance with sanctions was made). Penkovsky has been given several opportunities and extensions to pay the Sanction, to come forward with a reasonable payment plan, or to make a compelling showing of his inability to pay. Had he adopted such a constructive, good faith course more than one year ago by offering a reasonable installment plan, by now he might have been in full compliance. Instead, he has chosen to withhold any payment towards the Sanction and has used the Court's orders to show cause to lodge arguments as to the inappropriateness of the Sanction on a variety of baseless grounds already rejected by the Second Circuit. In the April 26, 2013 proceeding, Penkovsky acknowledged that he had paid rent on his home and business addresses and his phone bills, and had purchased other goods, without making any good faith attempt to pay any portion of the Sanction. *See* Order to Show Cause Tr., Apr. 26, 2013, 6:16–7:14. Therefore, the Court is not convinced that, given yet another extension of time, Penkovsky will comply with the Sanction. His proposal to pay fifty dollars per month over the next six months under these circumstances not only amounts to "too little too late;" it is further evidence of Penkovsky's willful affront to the Court's Order and signals that he still does not take the Sanction and his noncompliance seriously.

The Court must use the least possible power sufficient to coerce compliance. *See Spallone v. United States*, 493 U.S. 265, 276, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990). However, "it is nevertheless important to select a sanction which is likely to have some impact." *Securities and Exchange Commission v. Margolin*, No. 92 Civ. 6307, 1996 WL 447996, at *5 (S.D.N.Y. Aug. 8, 1996). While imprisonment for civil contempt is not an insignificant measure, it is necessary in light of Penkovsky's repeated and intransigent failures to make any payment on the Sanction and in the interests of protecting the integrity of the Court's orders. *See Spectacular Venture, L.P. v. World Star Int'l, Inc.*, 927 F.Supp. 683, 685 (S.D.N.Y.1996) ("[I]mprisonment is an appropriate sanction for contempt of a court order directing an individual to make a particular payment."); *see also Verone*, 826 F.Supp. at 635 (holding that the threat of conditional arrest was an appropriate action where the sanctioned party repeatedly failed to comply). The Court hopes that the specter of the prison's gates will motivate Penkovsky to pay the duly imposed Sanction rather than filing sweeping declarations to the Court largely inconsequential to his obligation to pay.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that attorney Nicholas Penkovsky ("Penkovsky") is directed to pay in full the sanctions imposed by the Court's Order dated April 10, 2012 in the amount of $5,000 pursuant to Federal Rule of Civil Procedure 11 by no later than August 30, 2013; and it is further

**ORDERED** that if in the event Penkovsky fails to make such a payment by the close of business on the date specified above, the United States Marshal for the Southern District of New York is directed to arrest Penkovsky and hold him in custo-

dy until such time as he complies with his obligation under this Order.

SO ORDERED.