373 F.3d 321
 Israel PEREZ and Magdaleno Estrada Escamilla, on behalf of themselves and all other Mexican/Chicano Day Laborers and/or Latino Day Laborers similarly situated, Plaintiffs,
v.
POSSE COMITATUS, Sheriff's Posse Comitatus, American Patrol, the Creativity Movement, National Alliance, Sachem Quality of Life, Inc., World Church of the Creator, Christopher Slavin and Ryan Wagner, Defendants.
Sachem Quality of Life, Inc., Defendant-Appellant,
v.
Frederick K. Brewington and Law Offices of Frederick K. Brewington, Appellees.
 Docket No. 03-7963.
 United States Court of Appeals, Second Circuit.
 Argued: April 15, 2004.
 Decided: June 28, 2004.
 
 Michael E. Rosman, Washington, D.C. (Center for Individual Rights, Washington, D.C., on the brief), for Defendant-Appellant.
 Scott Korenbaum, Hempstead, New York (Frederick K. Brewington, Law Offices of Frederick K. Brewington, Hempstead, New York, on the brief), for Appellees.
 Before: KEARSE and KATZMANN, Circuit Judges, and KOELTL, District Judge*.
 KEARSE, Circuit Judge.
 
 
 1
 Defendant Sachem Quality of Life, Inc. ("Sachem"), appeals from so much of a partial final judgment of the United States District Court for the Eastern District of New York, Joanna Seybert, Judge, dismissing the complaint against Sachem and certain other defendants, as denied Sachem's motion pursuant to Fed.R.Civ.P. 11 for the imposition of sanctions against appellees Frederick K. Brewington and the Law Offices of Frederick K. Brewington (collectively "Brewington"), plaintiffs' attorneys, for filing the complaint against Sachem. The complaint alleged that plaintiffs Israel Perez and Magdaleno Estrada Escamilla were assaulted by defendants Christopher Slavin and Ryan Wagner and that Sachem and the other defendants had, inter alia, conspired to bring about the assault. On appeal, Sachem contends that the district court should have granted its motion for sanctions. For the reasons that follow, we affirm.
 
 I. BACKGROUND
 
 2
 The complaint alleged the following events. In September 2000, Perez and Escamilla were Mexican/Chicano day laborers residing in Farmingville, New York. On September 17, Slavin and Wagner lured Perez and Escamilla from their home with a false promise of work, led them into the cellar of an abandoned building, and attacked them with various weapons. Escamilla was bludgeoned by Slavin until he lost consciousness; Perez too was clubbed by Slavin and was stabbed several times by Wagner. Escamilla eventually regained consciousness, and both plaintiffs managed to escape. They were aided by a passing motorist who summoned the police.
 
 
 3
 In September 2001, Perez and Escamilla commenced the present action under 42 U.S.C. §§ 1981, 1985, 1986, and 1988, and state law, with the filing of a complaint signed by Brewington, alleging the above acts of violence by Slavin and Wagner (see Complaint ¶¶ 22-64). The complaint also named as defendants seven advocacy organizations (collectively the "organization defendants"), describing them as associations that advocated hatred against various groups on the basis of, inter alia, race, nationality, or religion (see id. ¶¶ 7-13), and alleging that Sachem, a Farmingville-based association, "advocate[d] hatred and intolerance against immigrants, and in particular, day laborers" (id. ¶ 12). The complaint alleged that defendants had conspired to deprive plaintiffs and similarly situated immigrant laborers of, inter alia, their Fifth, Thirteenth, and Fourteenth Amendment rights to travel, to enjoy equal protection of the laws, to "be free from badges and incidents of slavery," and to "be free from assault and battery motivated by racial prejudice" (id. ¶ 80; see id. ¶¶ 78, 80, 88-91). It alleged that Slavin and Wagner had "acted with the support of" the organization defendants (id. ¶ 71) and that the assaults by Slavin and Wagner constituted overt acts in furtherance of the conspiracy (see id. ¶ 80).
 
 
 4
 Sachem and most of the other defendants moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim on which relief can be granted, contending that the allegations against the organization defendants were vague and conclusory and that, insofar as the claims were based on the organization defendants' political views, the claims were barred by the First Amendment. Subsequently, those defendants filed motions under Rule 11 for the imposition of sanctions against plaintiffs' counsel on the principal grounds that the complaint was factually groundless and legally frivolous and violated Rule 11(b)(1), (2), and (3). To the extent pertinent to this appeal, Sachem, in support of its motion, presented declarations of its president and other officials attesting that they had never met, communicated with, or entered into any agreement with Slavin or Wagner; that neither Slavin nor Wagner was a member of Sachem, had attended Sachem meetings, or had received assistance from Sachem; and that Sachem advocated the enforcement of laws against illegal immigration, but had never advocated violence or discrimination against illegal immigrants.
 
 
 5
 Wagner, in addition to joining the organization defendants' motions to dismiss, filed an answer to the complaint, denying, or denying information sufficient to form a belief as to, most of its allegations. His answer also asserted a cross-claim "against his co-defendants in this action jointly and severally for liability and indemnification" (Answer of Ryan Wagner dated January 9, 2002 ("Wagner Answer"), ¶ 19), asking that "in the event [Wagner] is found to be at fault or liable" (id.), "in whole or in part for any of the allegations averred by the plaintiff [sic], that his liability be comparatively weighed and considered and that he have a claim over and against the co-defendants in this action jointly and severally" (id. WHEREFORE ¶). Wagner's attorney also sent the district court a letter stating as follows:
 
 
 6
 I am aware that certain defendants have made a claim for Rule 11 sanctions against the plaintiffs and Mr. Brewington. The record should be very clear that I have, on behalf of my client, joined in any motions to dismiss or for summary judgment that have been heretofore filed on behalf of other defendants. I do not, however, join in any application for sanctions being made by any party to this litigation.
 
 
 7
 (Letter of Thomas F. Liotti, counsel for Wagner, dated February 6, 2002 ("Wagner Letter") (emphasis in original).)
 
 
 8
 In a Memorandum and Decision dated September 10, 2002 ("District Court Opinion"), the district court granted the organization defendants' motions to dismiss but denied their motions for sanctions. As to the Rule 12(b)(6) motions, the court concluded, inter alia, that the complaint was flawed because it contained only conclusory allegations as to any affiliation between Slavin and Wagner on the one hand, and the organization defendants on the other. See District Court Opinion at 9-10. Noting also that the complaint failed to allege that the organization defendants had engaged in any conduct "which would fall outside the realm of constitutionally protected speech," the court concluded that "the First Amendment bars these claims." Id. at 12.
 
 
 9
 The court denied the motions for Rule 11 sanctions, stating as follows:
 
 
 10
 In evaluating a Rule 11 motion, the court must "`resolve all doubts in favor of the signer.'" Hampton Bays Connections, Inc. v. Duffy, 127 F.Supp.2d 364 (E.D.N.Y.2001) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987)). Pursuant to the Rule, a party or an attorney has an affirmative duty to make "reasonable inquiry into the facts and the law." See Bus. Guides, Inc. v. Chromatic Comm. Enter., Inc., 498 U.S. 533, 542-43, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991). The imposition of sanctions against attorneys is discretionary and may be warranted "where an attorney's conduct degrades the legal profession and disserves justice." MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 73 F.3d 1253, 1262 (2d Cir.1996).
 
 
 11
 The Court notes that civil rights attorneys are held to no lesser standard than their colleagues. See Oliveri v. Thompson, 803 F.2d at 1280. Mindful of its need to exercise caution, the Court declines to impose sanctions in this case where there is some arguable basis for sustaining the civil rights claims against the two individual defendants. See Levy v. City of New York, 726 F.Supp. 1446, 1457 (S.D.N.Y.1989[]). Accordingly, in consideration of the facts and circumstances presented in this case, the Court DENIES the defendants' motions for sanctions.
 
 
 12
 District Court Opinion at 19-20.
 
 
 13
 The district court denied Wagner's motion to dismiss the claims against him. Slavin, who had not yet appeared, was given extensions of time to respond to the complaint, and the case remained pending against him as well. In August 2003, a partial final judgment was entered pursuant to Fed.R.Civ.P. 54(b) dismissing the claims against Sachem and the other organization defendants and declining to impose sanctions. This appeal followed.
 
 II. DISCUSSION
 
 14
 On appeal, Sachem argues principally that the complaint against it lacked evidentiary support and attacked constitutionally protected speech and hence violated Rule 11(b)(1), (2), and (3), and that the district court committed an error of law because it "apparently concluded that one non-frivolous claim against two defendants insulated the entire complaint from any attack under Rule 11" (Sachem brief on appeal at 28). For the reasons that follow, we disagree with Sachem's interpretation of the district court's opinion, and we conclude that the denial of sanctions was not an abuse of discretion.
 
 
 15
 Rule 11(b) provides in pertinent part that, by presenting a complaint to the court, the attorney signing or filing the complaint
 
 
 16
 is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
 
 
 17
 (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
 
 
 18
 (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
 
 
 19
 (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....
 
 
 20
 Fed.R.Civ.P. 11(b)(1), (2), and (3). A complaint challenged under Rule 11(b) is not ordinarily analyzed as an indivisible unit. See generally Cross & Cross Properties, Ltd. v. Everett Allied Co., 886 F.2d 497, 504-05 (2d Cir.1989). Rather, claims are analyzed individually, see, e.g., id., and the fact that a claim is properly asserted against one defendant does not mean that the same claim may properly be asserted against a different defendant, see generally Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1361, 1363-64 (9th Cir.1990) (en banc).
 
 
 21
 Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion. Rule 11(c) provides in pertinent part that "[i]f... the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction...." Fed.R.Civ.P. 11(c) (emphasis added). The decision whether to impose a sanction for a Rule 11(b) violation is thus committed to the district court's discretion. See, e.g., Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 166 (2d Cir.1999) ("Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions...." (emphasis added)); id. at 177 ("under the terms of the Rule, sanctions are discretionary"); id. at 166 ("Ordinarily, courts are under no particular obligation ... to impose [Rule 11] sanctions once a violation is found."); Fed.R.Civ.P. 11 Advisory Committee Note (1993) (district "court has significant discretion in determining what sanctions, if any, should be imposed for a violation" (emphasis added)); id. ("what sanctions, if any, to impose for a violation [is a] matter[] committed to the discretion of the trial court" (emphasis added)); id. ("corrective action [e.g., withdrawal of a claim or defense] ... should be taken into account in deciding what — if any — sanction to impose if ... the court concludes that a violation has occurred" (emphasis added)).
 
 
 22
 The district court's decision as to whether or not sanctions should be awarded is thus reviewable only for abuse of discretion. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir.2002); Fed.R.Civ.P. 11 Advisory Committee Note (1993) ("Whether a violation has occurred and what sanctions, if any, to impose for a violation are matters committed to the discretion of the trial court; accordingly, ... the standard for appellate review of these decisions will be for abuse of discretion."); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. at 405, 110 S.Ct. 2447 (noting, inter alia, that a sanctions decision based on an erroneous view of the law would constitute an abuse of discretion).
 
 
 23
 Sachem contends that the district court abused its discretion by premising its denial of sanctions on an erroneous view of the law, arguing that "the district court apparently believed that no Rule 11 violation could be found for filing the Complaint because the claims against Slavin and Wagner were non-frivolous." (Sachem brief on appeal at 28.) As Sachem acknowledges, however, the court "did not say" that that was the basis for its decision (id.), and we reject Sachem's interpretation of the court's discussion.
 
 
 24
 As is plain from the district court's discussion of sanctions, quoted in Part I above, the court did not state that there had been no Rule 11 violation. It summarized the Rule's requirements, see District Court Opinion at 19-20, and it stated that "civil rights attorneys are held to no lesser standard than their colleagues," id. at 20. The court noted, however, that "[t]he imposition of sanctions against attorneys is discretionary," id.; and, rather than stating that there had been no violation, and hence that sanctions were not authorized, it stated that "the Court declines to impose sanctions in this case," id. (emphasis added). We think it clear that the court did not make a finding that there had been no Rule 11 violation. We read the District Court Opinion as indicating either that there had been a violation, for which the court was exercising its discretion to deny sanctions, or that the court saw no need to decide definitively whether there had been a violation because even if there had been, the court would exercise its discretion to deny sanctions.
 
 
 25
 In ruling that sanctions would be denied in the exercise of its discretion, the court referred both to the fact that "there is some arguable basis for sustaining the civil rights claims against the two individual defendants," and to the "circumstances presented in this case." Id. The record amply indicates that there was no abuse of discretion in denying sanctions in the circumstances of this case. The moving defendants themselves submitted and cited to the court news articles reporting that, in connection with the brutal beatings of Perez and Escamilla, Wagner was awaiting trial on charges of assault and attempted murder, and Slavin had already been convicted on two counts each of assault and attempted murder. (See Exhibits A-C attached to December 31, 2001 Declaration of Glenn Greenwald, attorney for five of the organization defendants, submitted in support of their motion for Rule 11 sanctions; Sachem's January 7, 2002 Memorandum of Law in Support of Motion for Rule 11 Sanctions at 17 n.7 (calling district court's attention to the "articles ... attached as Exhibits A, B, and C to the Declaration of Glenn Greenwald").) In addition, Wagner had written to the court to emphasize that he joined only the motions to dismiss, "not ... any application for sanctions" (Wagner Letter (emphasis in original)); and indeed, he had filed a cross-claim asking that, if he were found liable on the allegations of the present complaint, "his liability be comparatively weighed and considered and that he have a claim over and against the co-defendants" (Wagner Answer WHEREFORE ¶), thereby implying that he had some reason to believe that the organization defendants shared his culpability. In these circumstances, it can hardly be said that the district court's refusal to award Sachem sanctions for being named as a defendant constituted an abuse of discretion.
 
 
 26
 Sachem also criticizes the district court for not making the rationale for its denial of sanctions more explicit, arguing that "[t]o the extent that the district court had other reasons [than the allegedly erroneous view of the law imputed to it by Sachem] for denying [Sachem's] motion, it abused its discretion by not stating them" (Sachem brief on appeal at 30). This contention is meritless. The Advisory Committee Notes to Rule 11 expressly state that "the court should not ordinarily have to explain its denial of a motion for sanctions." Fed.R.Civ.P. 11 Advisory Committee Note (1993). Nothing in the circumstances of this case required the court to say more than it did.
 
 CONCLUSION
 
 27
 We have considered all of Sachem's contentions in support of the imposition of sanctions and have found no basis for reversal. The denial of its motion is affirmed.
 
 
 
 Notes:
 
 
 *
 Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation