Annette **LORBER**, Plaintiff,

v.

Jonathan **WINSTON**, Sheldon M. Ganz, Sheldon M. Ganz, CPA, P.C., Eva Tehrani, HSBC Bank USA, National Association, HSBC Securities (USA) Inc., Defendants.

No. 12–CV–3571 (ADS)(ETB).

United States District Court, E.D. New York.

Jan. 10, 2014.

Otterbourg, Steindler, Houston and Rosen, P.C., by Richard Gerard Haddad, Esq., of Counsel, New York, NY, for Plaintiff.

Judd Burstein PC, by Judd Burstein, Esq., of Counsel, New York, NY, for the Defendant Jonathan Winston.

Matalon Shweky Elman PLLC, by Howard I. Elman, Esq., of Counsel, New York, NY, for the Defendants Sheldon M. Ganz & Sheldon M. Ganz, CPA, PC.

Law Offices of Eric Franz PLLC, by Eric P. Franz, Esq., Andrew Leopoldo Mancilla, Esq., of Counsel, New York, NY, for the Defendant Eva Tehrani.

Law Offices of Steven D. Isser, by Steven David Isser, Esq., of Counsel, New York, NY, for the Defendant Eva Tehrani.

Sills Cummis & Gross P.C., by Jonathan Young, Esq., Andrew W. Schwartz, Esq., of Counsel, New York, NY, for the Defendants HSBC Bank USA, National Association & HSBC Securities (USA) Inc.

Lynn & Gartner, Dunne & Covello, LLP, by Kenneth Lawrence Gartner, Esq., of Counsel, Mineola, NY, for Attorney Ira Lee Sorkin.

No Appearance, for Relief Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On July 18, 2012, the Plaintiff Annette Lorber ("Lorber") commenced the above-captioned action by filing a Complaint against multiple defendants, which was thereafter reduced to the following named Defendants: Jonathan Winston ("Winston"); Sheldon M. Ganz ("Ganz"); Sheldon M. Ganz, CPA, P.C.; Eva Tehrani ("Tehrani"); HSBC Bank USA, National Association ("HSBC Bank"); and HSBC Securities (USA) Inc. ("HSBC Securities," and collectively, the "Defendants"). Lorber sought compensatory and punitive damages under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"), as well as under the following New York causes of action: common law fraud; fraudulent inducement; conversion; aiding and abetting conversion; negligence; unauthorized signatures; breach of contract; and commercial bad faith.

On September 14, 2012, Lorber filed an Amended Complaint, which (1) asserted new claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty under New York law and (2) withdrew the Plaintiff's previous claim for aiding and abetting conversion under New York law. On November 29, 2012, 2012 WL 5989464, with permission from the Court, the Plaintiff re-filed the Amended Complaint with corrected exhibits.

On July 3, 2013, 962 F.Supp.2d 419 (E.D.N.Y.2013), pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 9(b) and 12(b)(6), the Court dismissed Lorber's federal civil RICO claim with prejudice. In this regard, the Court held that (1) Lorber's civil RICO claim was time-barred under the applicable statute of limitations and (2) her Amended Complaint had failed to comply with Fed.R.Civ.P. 9(b), which requires that any plaintiff bringing a civil RICO claim plead the circumstances constituting the fraudulent predicate acts with particularity. The Court also declined to exercise supplemental jurisdiction over Lorber's remaining state law claims and, thus, dismissed those claims without prejudice. As such, Lorber's federal lawsuit was dismissed in its entirety and the case was closed.

Nevertheless, on August 1, 2013, Winston filed the instant motion for sanctions against Lorber and her former attorney,

Ira Lee Sorkin, Esq. ("Sorkin"), pursuant to Fed.R.Civ.P. 11. Sorkin had previously represented Lorber in this litigation, but was disqualified by the Court, by Order dated November 26, 2012, 2012 WL 5904522, based on his prior representation of Winston and for using privileged materials. On August 21, 2013, Ganz and Sheldon M. Ganz, CPA, P.C. (collectively, with Winston, the "moving Defendants") joined Winston in his motion. In their motion, the moving Defendants argue that Rule 11 sanctions are appropriate because the allegations in the Amended Complaint were false and the Plaintiff and Sorkin knew or should have known that they were false.

To support their motion, the moving Defendants rely on a number of financial documents which they claim demonstrate that the allegations of the Amended Complaint were false. Purportedly, these documents were signed by Lorber and/or were sent by Lorber from or sent to Lorber by either her email account or fax number.

However, the Court finds that Rule 11 sanctions are not appropriate in this case. As such, the Defendants motion is denied. In addition, the Court declines to award attorneys' fees or costs to either Lorber or Sorkin.

## I. DISCUSSION

### A. *Legal Standard Under Fed.R.Civ.P. 11*

Pursuant to Fed.R.Civ.P. 11(b), an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The purpose of Rule 11 "is to deter baseless filings in district court and ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

In general, "the standard for triggering the award of fees under Rule 11 is objective unreasonableness." *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir.2000). This "standard is appropriate in circumstances where the lawyer whose submission is challenged by motion has the opportunity, afforded by the 'safe harbor' provision, to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir.2003). In this regard, Rule 11(c) provides a safe harbor of twenty-one days during which time factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanctions. Fed.R.Civ.P. 11(c)(1)(A). "Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'" *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir.2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir.1999)). "The safe-harbor provision is a strict procedural requirement." *Id.* "An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to

trigger the 21–day safe harbor period." *Id.*

■ The Second Circuit has cautioned that Rule 11 sanctions should be "made with restraint," *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir.1999), and, even where a court determines that Rule 11(b) has been violated, the decision whether to impose sanctions is not mandatory, but rather is a matter for the court's discretion, *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir.2004).

### B. As to Whether the Moving Defendants' Motion for Sanctions should be Granted

Given the extent of motion practice in this case, the Court presumes the parties familiarity with the facts and does not find it necessary to repeat them here. However, the Court notes that since the dismissal of her federal complaint, Lorber has filed an action in New York State Supreme Court based on the same underlying facts that were asserted in the above-captioned case (the "State Action").

Here, the moving Defendants essentially ask this Court to consider the merits of Lorber's federal lawsuit, even though (1) the Court, assuming as it must that all of the factual allegations in the Amended Complaint were true, specifically dismissed this case on procedural grounds and without reaching the merits; and (2) these factual disputes are now pending before another court in the State Action. In particular, the moving Defendants ask the Court to consider a number of financial documents which they say Lorber signed or which were sent from or to her fax machine or email account. However, the factual allegations underlying Lorber's claims suggest that many documents bearing Lorber's signature were forgeries and that Winston, Terhani and Ganz may have used her fax machine and/or email account without her permission.

■ Thus, in order to determine the moving Defendants' Rule 11 motion, the Court would be required to resolve whether or not the alleged fraud that Lorber accused the moving Defendants of participating in actually occurred. This is a heavily factual inquiry which the Court declines to engage in, especially given that the Court dismissed this action before deciding any factual questions and before an evidentiary record could be developed. *See Kingvision Pay–Per–View Ltd. v. Ramierez*, No. 05 Civ.2778(HB), 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005) (declining to award Rule 11 sanctions because "[w]ithout an evidentiary record against which the factual allegations [of the defendant's second counterclaim] [could] be compared, it [was] difficult if not impossible genuinely to conclude they are 'objectively unreasonable' or abusive of the judicial process") (citing *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir.1994)); *Safe–Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 417 (S.D.N.Y.2003) ("In assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

Further, while Lorber was ultimately unsuccessful on statute of limitations and Fed.R.Civ.P. 9(b) grounds, it cannot be said that Lorber's and Sorkin's decision to bring this action was wholly unreasonable. As Lorber and Sorkin argue, it is possible, for example, that the financial documents that the moving Defendants rely on to prove that no fraudulent scheme occurred were forgeries, which would lend support to the claims found in the Amended Complaint. However, as such considerations involve issues that will be determined in

the State Action, it is inappropriate for resolution by this Court. *See de La Roche v. Calcagnini,* 1997 WL 292108 at *12–13 (S.D.N.Y. June 3, 1997) ("The issue of whether [the plaintiff's] statements were perjurious or merely inconsistent is entirely factual and subject to the customary tests of credibility. Counsel for [the plaintiff] have presented an explanation for the statement which cannot be said on the record to give rise to Rule [11] sanctions. Where the truth lies is beyond the scope of a Rule 11 proceeding at this stage of the litigation, no matter what the outcome would be. The pending state court will have as its central issue the determination of the relationship between the parties[.]")

Accordingly, "[t]he Court, in its discretion [denies] the [moving Defendants'] motion[ ] for Rule 11 sanctions, finding that [Lorber and Sorkin] had 'some arguable basis' for their representations to the Court, the conduct of the litigation and ... the bringing of [the federal civil RICO] claim.' " *Scibilia v. Verizon Communications, Inc.,* No. 08–CV–4201 (RRM)(VVP), 2011 WL 1204741, at *6 (E.D.N.Y. Mar. 29, 2011) (quoting *Perez v. Posse Comitatus,* 373 F.3d 321, 326 (2d Cir.2004)); *see also Fishoff v. Coty Inc.,* 634 F.3d 647, 654–55 (2d Cir.2011) (upholding the district court's denial of Rule 11 sanctions where the plaintiff's "arguments were non-frivolous; they were not foreclosed a priori by binding precedent even if they were unlikely to succeed and [the plaintiff's] position was not unsupported by case law even though the cases he cited were not binding on the court adjudicating his claims" and because "a party's failure to plead with the requisite particularity does not necessarily warrant sanctions").

Further, as a final matter, the Court declines to award either Sorkin or Lorber attorney's fees and costs associated with opposing the moving Defendants' motion.

*See E. Gluck Corporation v. Rothenhaus,* 252 F.R.D. 175, 183 (S.D.N.Y.2008).

## II. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** that the Court denies the moving Defendants' motion for Rule 11 sanctions. The Clerk of the Court is directed to terminate Dkt. Nos. 157, 161 and 165; and it is further

**ORDERED,** that the Court declines to award Sorkin or Lorber attorney's fees and costs associated with opposing the moving Defendants' motion.

**SO ORDERED.**