Sachs v. Cantwell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————

Jennifer Sachs,

> *Plaintiff-Cross-Claimant-Appellant*,

v.                                                                                          14-1985

William Cantwell, in his individual capacity, Fourth Wall Restaurants, LLC, Smith & Wollensky Operating Corporation, City of New York, Aaron Sagendorf, Patrick Ford, Joseph Musa, in his individual capacity, Alexandra Paquette, in her individual capacity,

> *Defendants-Cross-Claimants-Cross-Defendants-Appellees*,

John Does 1 through 3, each in his individual capacity, John Doe #4,

> *Defendants-Cross-Defendants-Cross-Claimants*.

———————————————————————

FOR PLAINTIFF-APPELLANT:      Jennifer Sachs, pro se, Herndon, VA.

FOR DEFENDANTS-APPELLEES:      Antonella Karlin, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for* Defendants-Appellees City of New York, William Cantwell, Joseph Musa, and Alexandra Paquette.

Nicole Y. Brown, Wade Clark Mulcahy, New York, NY, *for* Defendants-Appellees Fourth Wall Restaurants, LLC, Smith & Wollensky Operating Corporation, Aaron Sagendorf, and Patrick Ford.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Oetken, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-appellant Jennifer Sachs, proceeding pro se, appeals the district court's judgment in favor of defendants-appellees, following the court's grant of partial summary judgment in defendants-appellees' favor with respect to her 42 U.S.C. § 1983 claims and related state claims, its denial of her motions for spoliation sanctions, reconsideration, and to reopen the evidence, and, ultimately, a jury verdict in defendants-appellees' favor on Sachs's remaining claims.   Sachs also appeals the district court's post-judgment order denying her motion for judgment notwithstanding the verdict or a new trial.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decisions on motions for summary judgment and judgment as a matter of law de novo, *Cash v. County of Erie*, 654 F.3d 324, 332-33 (2d Cir. 2011) (judgment as a matter of law); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003)

(summary judgment), and its decisions on motions for sanctions, reconsideration, a new trial, and to reopen discovery for abuse of discretion, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration); *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004) (sanctions); *In re Merrill Lynch Ltd. P'ship Litig.*, 154 F.3d 56, 58 (2d Cir. 1998) (reopening discovery); *Song v. Ives Labs. Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992) (new trial).

Upon review, we conclude that the district court properly granted summary judgment on Sachs's malicious prosecution claim, and properly denied her motion for spoliation sanctions and her motion for judgment notwithstanding the verdict or a new trial. Except as noted below, we affirm for substantially the reasons stated by the district court in its thorough September 4, 2012 and May 8, 2014 orders.

The district court incorrectly found that Sachs's reconsideration motion was untimely because it had granted her an extension until December 18, 2012, the day that she filed her motion. Nevertheless, we conclude that the district court correctly denied Sachs's motion on its alternate ground that she failed to identify any data or law that the court overlooked. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (stating that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

We further conclude that the district court did not abuse its discretion in declining to reopen discovery for Sachs to depose Officer Joseph Musa or obtain an expert witness because she could have done so before the close of discovery. Further, her request to reopen discovery came nineteen months after the close of discovery, and after the district court decided the summary judgment motions, Sachs's motion for reconsideration, and set a trial date. *See Jackson v. Fed.*

3

*Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) (concluding that the district court did not abuse its discretion in refusing to reopen discovery where "[t]he scheduled time for discovery was over, and a fully briefed motion for summary judgment was pending").

Finally, because Sachs did not challenge on appeal the grant of summary judgment in favor of the police officers; the City of New York on her *Monell* claim; the Wollensky's defendants on her negligent retention claim; and the dismissal of her claims against the John Doe defendants, she has abandoned those claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We have considered Sachs's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4