15-3142-cv
Chowdhury v. Hamza Express Food Corp. et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge.**

------------------------------------------------------------------

MUHAMMED CHOWDHURY,

*Plaintiff-Appellant*,

v.                                              No. 15-3142-cv

HAMZA EXPRESS FOOD CORP.,
ALMONTAZER FADEL AKA AL,
JOHN DOES 1–5,

*Defendants-Appellees.*

------------------------------------------------------------------

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:    Michael S. Kimm (Adam Garcia, *on the brief*), Kimm Law Firm, Englewood Cliffs, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*, Roanne L. Mann, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Muhammed Chowdhury appeals from a judgment of the District Court (Weinstein, J.) adopting in toto the Report and Recommendation of the Magistrate Judge (Mann, M.J.), which awarded Chowdhury compensatory and liquidated damages, attorney's fees, and costs for defendants' violations of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law (the "NYLL"), NYLL §§ 190 et seq. & 650 et seq.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Defendants defaulted before the District Court, did not meaningfully participate in the Magistrate Judge's evidentiary hearing on damages, and have

2

not appeared before this Court.  The Magistrate Judge recommended that Chowdhury receive an award of $21,498.75 in unpaid overtime wages, and the same amount in liquidated damages.  The District Court adopted the recommendation in full.  On appeal, Chowdhury raises various challenges to the Magistrate Judge's calculation of overtime wages, liquidated damages, and attorney's fees, as well as the Magistrate Judge's denial of compensatory and punitive damages for an allegedly retaliatory termination.

1. <u>Liquidated Damages</u>

Chowdhury sought two discrete liquidated damages awards: one under the FLSA and one under the NYLL.  Noting a split among district courts as to whether such "cumulative" or "stacked" liquidated damages awards are available, the Magistrate Judge recommended denial of a cumulative award, concluding that it would constitute a double recovery, and the District Court adopted the Magistrate Judge's recommended ruling.  We affirm as we conclude that New York's law does not call for an award of New York liquidated damages over and above a like award of FLSA liquidated damages.

Under the FLSA, an employer who underpays an employee is liable "in the amount" of those unpaid wages "and in an additional equal amount as liquidated

3

damages." 29 U.S.C. § 216(b). Courts may reduce or withhold liquidated damages "if the employer shows to the satisfaction of the court" that its behavior giving rise to the FLSA violation "was in good faith" and that it had "reasonable grounds" for believing it was not in violation of the FLSA. Id. § 260.

Prior to 2009, by contrast, the liquidated damages provision of the NYLL entitled employees to liquidated damages only in the amount of twenty-five percent of wages owed, and only if the employee proved that the employer's violation of the statute was "willful." The NYLL was amended in 2009 to make liquidated damages mandatory unless the employer could prove its good faith, and amended again in 2010 to increase the amount of liquidated damages from twenty-five percent to one-hundred percent of the total wages due. See Ryan v. Kellogg Partners Institutional Servs., 19 N.Y.3d 1, 10 n.8 (2012). As a result, the NYLL now mirrors the FLSA: It entitles employees to "liquidated damages equal to one hundred percent of the total amount of the wages found to be due," unless the employer "proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 198(1-a); see also id. § 663(1). The legislative history of the 2009 amendment confirms the New York State legislature's intent to "conform" the NYLL's liquidated damages provision to the

4

FLSA's provision.   See Bill Jacket, 2009 A.B. 6963, ch. 372, at 6 (expressing sponsor's intent to "conform New York law to the Fair Labor Standards Act").

The NYLL is silent as to whether it provides for liquidated damages in cases where liquidated damages are also awarded under the FLSA.   The question before us is really whether, under those circumstances, the NYLL countenances the recovery of treble damages (up to 200 percent in liquidated damages in addition to any underlying wage liability).   Had the New York State legislature intended to provide a cumulative liquidated damages award under the NYLL, we think it would have done so explicitly in view of the fact that double recovery is generally disfavored where another source of damages already remedies the same injury for the same purpose.   Cf. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715 (1945); Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999).

The legislative history reinforces our view.   The New York State legislature has now twice amended its liquidated damages statute to conform as closely as possible to the FLSA's liquidated damages provision.   These amendments suggest "an interest in aligning NYLL liquidated damages with the FLSA and can be read as a practical recognition of the dual punitive and compensatory effects of an award of liquidated damages under the statute."

5

*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 CV 10234 (JGK) (JLC), 2016 WL 4704917, at *17 (S.D.N.Y. Sept. 8, 2016). So whatever reasons existed to award liquidated damages under the relevant provisions of both the FLSA and the NYLL before 2010, we read the subsequent amendments to the NYLL provision, which brought it into substantial conformity with the FLSA provision, as having eliminated those reasons. Today the NYLL and FLSA liquidated damages provisions are identical in all material respects, serve the same functions, and redress the same injuries. In the absence of any indication otherwise, we interpret the New York statute's provision for liquidated damages as satisfied by a similar award of liquidated damages under the federal statute. We therefore affirm the District Court's adoption of the Magistrate Judge's liquidated damages award.

2. Other Damages

With respect to Chowdhury's other challenges to the amount of damages awarded, we affirm for substantially the reasons stated by the Magistrate Judge in her thorough Report and Recommendation.

3. Attorney's Fees and Sanctions

Finally, we conclude that the District Court did not abuse its discretion in

6

adopting the Magistrate Judge's calculation of attorney's fees or its denial of Chowdhury's motion for sanctions.   See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008) (attorney's fees); Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) (sanctions).

## 4. Conclusion

We have considered Chowdhury's remaining arguments and conclude they are without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk