Parnoff v. Fireman's Fund Ins. Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **DEBRA ANN LIVINGSTON,**
> **JOSEPH F. BIANCO,**
> *Circuit Judges.*

---

**Laurence V. Parnoff, Sr.,**

*Plaintiff-Appellant*,

v.                                                                                          **18-3070**

**Fireman's Fund Insurance Company,**

*Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Laurence V. Parnoff, *pro se*, Bridgeport, CT. |
| **FOR DEFENDANT-APPELLEE:** | Rhonda J. Tobin, J. Tyler Butts, Robinson & Cole, LLP, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In 2011, the home of Donato Telesco and Anita Pettengill was destroyed by a fire. Their home insurance company, Fireman's Fund Insurance Company ("FFIC"), did not pay the damages claim. In 2013, Pettengill, represented by attorney Laurence Parnoff, sued FFIC for breach of contract and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and Connecticut Unfair Insurance Practices Act ("CUIPA") in Connecticut state court. FFIC removed the case to federal court and Pettengill moved to remand; the district court denied the motion. FFIC brought breach of contract and fraud counterclaims against Pettengill and joined Telesco as a counterclaim-defendant; Telesco did not assert any counterclaims. The district court dismissed the CUTPA/CUIPA claim for failure to state a claim and a jury ultimately found in favor of FFIC on Pettengill's breach of contract claim and on FFIC's counterclaims against Pettengill, but found in favor of Telesco on FFIC's counterclaims against him. We later affirmed. *See Pettengill v. Fireman's Fund Ins. Co.*, 716 F. App'x 54 (2d Cir. 2017).

In 2017, Parnoff represented Telesco in a second lawsuit against FFIC for similar claims. FFIC removed the case to federal court, Telesco moved to remand on the same grounds as had been previously asserted by Pettengill, and the district court denied the motion. The district court subsequently dismissed the complaint and FFIC moved for sanctions against Telesco and Parnoff under Federal Rule of Civil Procedure 11. The district court granted the motion and sanctioned Parnoff. Parnoff, proceeding *pro se*, appeals the September 17, 2018 sanctions order. We assume

2

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

A decision on a motion for sanctions under Rule 11 is reviewed for abuse of discretion. *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks and emphasis omitted); *see also* Fed. R. Civ. P. 11(b)(2) (by filing a paper, an attorney certifies that "the claims, defenses, and other legal contentions are warranted . . . by a nonfrivolous argument for . . . reversing existing law"). Rule 11 requires that the conduct be objectively unreasonable and does not require a finding of subjective bad faith. *See Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (noting that sanctions may issue "pursuant to a motion by opposing counsel" upon a showing of "objectively unreasonable" conduct).

The district court did not abuse its discretion by sanctioning Parnoff for filing Telesco's complaint. No attorney could have reasonably believed that Telesco's breach of contract claim

3

was warranted under existing law. Telesco was obligated to assert the claim as a compulsory counterclaim when he was added to the *Pettengill* suit.[1] A litigant must assert as a counterclaim any claim that the litigant has against the opposing party if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The only exceptions are if (1) the claim was already the subject of another pending action and (2) the opposing party did not establish personal jurisdiction over the counterclaimant. Fed. R. Civ. P. 13(a)(2). The tortious breach of contract claim arose from the same transaction as Pettengill's— FFIC's refusal to pay on the fire loss claim—and Parnoff did not argue that either of the exceptions to this rule applied. Telesco's failure to assert the claim in *Pettengill* meant that his claim is "forever barred." *Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir. 1978).

Parnoff also cannot show that a reasonable attorney would have pleaded the CUPTA/CUIPA claim under existing law. Parnoff makes no argument showing that the complaint plausibly stated Telesco's claim and cured the issues that resulted in Pettengill's claim being dismissed. Telesco's allegations were nearly identical to those made to support Pettengill's dismissed CUTPA/CUIPA claim in her first amended complaint (and included even less factual detail). Thus, Parnoff cannot argue, and makes no assertion on appeal, that there was a reasonable argument for reasserting identical allegations in Telesco's suit.

Parnoff next argues that his motion to remand the case to state court was not frivolous because FFIC removed the case in bad faith. But given that the district court had already rejected

---

[1] Parnoff argues that Telesco's claim was not an ordinary breach of contract claim (despite it being labeled as such in his complaint), but rather a breach of the duty of good faith and fair dealing claim. Regardless, the claim should have been asserted when he was joined to Pettengill's 2013 lawsuit.

4

a nearly identical argument in *Pettengill*, it was not reasonable for Parnoff to believe that his position would be warranted in this case. Moreover, the argument is meritless. When a case is properly removed based on diversity jurisdiction, the district court may not remand it, as diversity jurisdiction is not discretionary. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988), *superseded on other grounds by* 28 U.S.C. § 1447(c). Here, the district court had no discretion to remand; the case was properly removed on the basis of diversity jurisdiction. Parnoff cites no authority stating that a defendant's "bad faith" is grounds to remand a properly removed case back to state court.

Given that Parnoff failed to offer a good faith basis for his actions in the district court, the district court did not abuse its discretion by imposing Rule 11 sanctions. *See Kropelnicki*, 290 F.3d at 131.

We have considered Parnoff's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5