John P. DeLUCA, Plaintiff–Appellant,

v.

LONG ISLAND LIGHTING COMPANY, INC., Defendant–Appellee.

Nos. 364, 365, Dockets 88–7561, 88–7655.

United States Court of Appeals,
Second Circuit.

Argued Nov. 4, 1988.

Decided Dec. 2, 1988.

Jay M. Gallinger, Huntington Station, N.Y. (William E. Weber, DiLorenzo & Weber, Huntington Station, N.Y., of counsel), for plaintiff-appellant.

Robert F. Van Der Waag, Congdon, Flaherty, O'Callaghan Reid & Donlon, Garden City, N.Y., for defendant-appellee.

Before WINTER, MINER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

This case raises the issue of whether we have appellate jurisdiction to review a judgment imposing Fed.R.Civ.P. 11 sanctions on an attorney when the notice of appeal is in the name of the client only. We conclude that we do not. We affirm the district court's denial of a Rule 60(b) motion, and *sua sponte* order the attorney to show cause why sanctions should not be imposed under Fed.R.App.P. 38.

## BACKGROUND

We begin by noting that this case is on its third trip to this court. The action started when plaintiff John P. DeLuca sued defendant Long Island Lighting Company, Inc. ("LILCO") for damages arising from injuries he sustained in a motorcycle acci-

dent occurring on land owned by LILCO. Before trial, Judge Wexler granted the defendant partial summary judgment. He held that the New York General Obligations Law, § 9–103(1), (2), applied to the land in question and that it limited LILCO's obligation to motorcycle riders to refraining from a "willful or malicious failure to guard, or to warn against, a dangerous condition...." *Id.* Plaintiff filed an appeal from that interlocutory order but later withdrew it after a conference with our staff counsel. A jury trial followed, and LILCO prevailed.

Plaintiff then appealed a second time. His brief argued that the extent of development adjoining LILCO's land rendered Section 9–103 inapplicable. Because that argument had never been raised in the district court, we declined to entertain it and affirmed by a summary order that stated:

> On this appeal, plaintiff relies on *Russo v. City of New York*, 116 A.D.2d 240, 500 N.Y.S.2d 673 (App.Div.1986), which held that the applicability of Section 9–103(1) turns on the degree of development near the area in which the accident occurred. We need not address this claim because it was never presented to the district court.
>
> Plaintiff's opposition to the motion for summary judgment stated three grounds: (1) as a matter of law the statute does not apply to utility right of ways; (2) the statute applies only to landowners who gratuitously allow persons to use the property; and (3) LILCO's conduct involved a willful or malicious failure to warn against a dangerous condition, and there is liability under Section 9–103(1). Plaintiff at no time alerted the district court to his present claim that the extent of development near the right of way was a material fact and was in dispute. Nor did his response to the motion for summary judgment state facts regarding the extent of development near the area.... Finally, we note that *Russo* was decided well before defendant made its motion for summary judgment and does not involve a change in the law subsequent to Judge Wexler's decision.

Plaintiff next filed a petition for rehearing and then moved for permission to file a Fed.R.Civ.P. 60(b) motion, raising the same arguments and claiming that new evidence had been discovered. Both the petition and the motion were denied. Several months later, plaintiff returned to the district court and moved pursuant to Fed.R.Civ.P. 60(b) and 28 U.S.C. § 455(a) that Judge Wexler recuse himself. The grounds for recusal asserted in the motion were that Judge Wexler was a member of a country club and owned an interest in a parcel of undeveloped real property on Long Island. The motion papers argued that this membership and ownership may have, or appeared to have, predisposed Judge Wexler to apply the New York General Obligations Law, rather than ordinary tort principles, to LILCO's similarly undeveloped property. The claimed error in Judge Wexler's decision was in not applying *Russo v. City of New York*, the same argument we had held to be waived in the summary order quoted above. Judge Wexler heard oral argument and found the motion to be frivolous. After a hearing, Judge Wexler awarded Rule 11 sanctions against the plaintiff's attorney, Jay M. Gallinger. These included $2,489 to be paid to LILCO, its actual costs of opposing the motion, and also $2,500 to be paid to the Clerk of the Court.

Plaintiff appeals from the denial of the Fed.R.Civ.P. 60(b) motion and from the imposition of sanctions on his counsel. Gallinger himself has not filed a notice of appeal.

## DISCUSSION

We first discuss the denial of the Rule 60(b) motion. A judge should recuse himself under Section 455(a) "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (1982). This provision sets out an objective standard for recusal, creating the so-called "appearance of justice" rule. *In re Int'l Business Machines Corp.*, 618 F.2d 923, 929 (2d Cir.1980). "The test for an appearance of partiality is ... whether an objective, disinterested observer fully informed

of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir.1985).

Judge Wexler's finding that the motion was frivolous is self-evidently correct. The alleged connection between Judge Wexler's interests in land on Long Island and the argument concerning Section 9–103(1), (2) is based on the rankest of speculation. Any vague hint of self-interest on Judge Wexler's part is considerably less than that in other cases in which judges have been accused of having had an attenuated financial interest in the subject matter in controversy but have been found to have had an insufficiently direct interest to warrant recusal. *See Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.,* 722 F.2d 1407, 1414–15 (8th Cir.1983) (trial judge's ownership of land in Black Hills area did not qualify as financial interest in subject matter in controversy where disposition of party's claim to land in area would not affect judge's title to land in any way); *National Union Fire Ins. Co. of Pittsburgh v. Continental Illinois Corp.,* 639 F.Supp. 1229, 1230–32 (N.D.Ill. 1986) (district judge, who owned one and two-thirds percent interest in radio partnership which was itself a twenty-three percent limited partner in limited partnership, would not disqualify himself, on grounds that his impartiality might reasonably be questioned, from presiding over litigation because law firm that represented one of the parties also represented limited partnership in action by radio partnership against limited partnership for breach of fiduciary and other obligations).

Moreover, the meritlessness of the motion is demonstrated by the logical implications of its rationale—that any judge who owns any interest in unimproved land in the state of New York cannot sit on any case involving Section 9–103(1), (2), that homeowning judges cannot sit on tort cases involving the obligations of homeowners, that apartment-renting judges cannot sit on cases involving the obligations of tenants, that automobile-owning judges cannot sit on cases involving the obligations of car owners, and so forth. Furthermore, any such motion for recusal should have been made at the outset of the proceeding. *See Oglala Sioux Tribe,* 722 F.2d at 1414 (implying a timeliness requirement for motions under Section 455).

Finally, the motion was particularly frivolous because it claimed an appearance of impropriety, not in a district judge's rejection of an argument, but in his failure to perceive, research and adopt an argument that plaintiff never made. Even if Judge Wexler recused himself and another judge were assigned, plaintiff would be precluded from raising that argument by our prior decision that it had been waived. The Rule 60(b) motion thus could not result in a reopening of the case.

■ We turn now to the award of sanctions and address the threshhold question of whether we have jurisdiction. Although the judgment is against Gallinger, the appeal has been taken only in the name of DeLuca. The Supreme Court has held recently (in a case decided before the notices of appeal in the instant case were filed) that Fed.R.App.P. 3(c)'s requirement that a notice of appeal "specify the party or parties taking the appeal" is a jurisdictional requirement. *Torres v. Oakland Scavenger Co.,* — U.S. —, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Such a rule serves both the interests of finality, in that courts of appeal may not exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed, and of fairness, because "[t]he purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants." *Id.,* 108 S.Ct. at 2409. Where an award of sanctions runs only against the attorney, the attorney is the party in interest and must appeal in his or her name. The standards governing Rule 11 sanctions differ considerably between awards against parties and awards against attorneys, *See Calloway v. Marvel Entertainment Group,* 854 F.2d 1452 (2d Cir. 1988), and the interests of a client and the attorney may conflict in Rule 11 proceedings. *See id.* We are thus jurisdictionally

barred from considering the appeal of the award of sanctions against Gallinger.

Finally, it appears to us that this appeal is frivolous, and we raise, *sua sponte*, the question of sanctions under Fed.R.App.P. 38. Rule 38 reads:

> If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

To comport with due process, *see, e.g., Braley v. Campbell*, 832 F.2d 1504, 1514–15 (10th Cir.1987) (in banc), counsel for plaintiff is requested to show cause why such sanctions should not be imposed under Rule 38. Counsel's response should be filed within thirty days from the date of this opinion.

## CONCLUSION

We affirm as to the denial of the Rule 60(b) motion, dismiss for lack of jurisdiction the appeal from the imposition of sanctions, and issue an order to show cause as indicated above.