**Jennifer RIOLA, Plaintiff,**

**v.**

**LONG ISLAND CYCLE & MARINE, INC., et al., Defendants.**

**No. CV 02–1565(SJF)(JO).**

United States District Court, E.D. New York.

Jan. 14, 2005.

Andrew Erich Curto, Forchelli, Curto, et al., Mineola, NY, for Plaintiff.

John E. Gray, Zawacki, Everette, Gray & McLaughlin, New York City, Steven D. Jannace, Simmons, Jannace & Stagg, LLP, East Meadow, NY, for Defendants.

## ORDER

ORENSTEIN, United States Magistrate Judge.

On January 3, 2005, plaintiff's counsel submitted a letter, Docket Entry ("DE 54"), informing me that Joseph Nocella, Esq. had recently become associated with his firm and would participate in this case. Mr. Nocella was an Assistant United States Attorney for the Eastern District of New York in the early 1990s, as was I. In his letter, counsel further noted his understanding, which is correct, that "Mr. No-

cella never worked directly with [me] on any criminal cases, or any other matters, and that he left the U.S. Attorney's Office ["USAO"] approximately ten (10) years ago to return to private practice."

Upon receiving the letter, which did not request any relief, I immediately entered an endorsement on it directing defendants' counsel to submit any statement of position regarding the matter to be submitted by January 10, 2005. Counsel for defendant Rollo did not submit anything in response. Counsel for defendant Long Island Cycle & Marine, Inc. submitted a letter dated January 6, 2005. Counsel wrote that "though I do not know the details of relationships formed in earlier years of practice, [I] have concluded that the best interests of my client are served by respectfully requesting that if a former colleague of yours … will be appearing before you as an attorney on this matter, that it be transferred to another Magistrate." DE 55. For the reasons discussed below, the application is denied.[1]

I will supplement the facts on the record, although I note that none of the following is critical to my analysis of the application. Mr. Nocella and I both served as prosecutors in the USAO's criminal division, but never, as far as I can recall, in the same section and certainly never on the same prosecution or investigation. As colleagues, we occasionally participated in the same social events. In the decade following his departure from the USAO, I do not recall if we had any contact until very recently, but if there was any such contact it was extremely rare. Shortly before receiving the letter from plaintiff's counsel, I received a brief visit in chambers from Mr. Nocella, who said he had had other business in the court. He told me that he had returned to New York, and we chatted briefly.

As a threshold matter, I recognize that the defendant does not seek my recusal pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455(b)-(c), on the ground that I am actually biased, prejudiced, or in any way interested in the outcome of this case. The defendant is merely, and quite properly, acting out of an abundance of caution to guard against any perception of impropriety.

 Such a request implicates 28 U.S.C. § 455(a). Under that statute, I must disqualify myself in a given case if my "impartiality might reasonably be questioned." The appropriate inquiry is "whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *United States v. Oluwafemi,* 883 F.Supp. 885, 890 (E.D.N.Y.1995) (citing *DeLuca v. Long Island Lighting Co., Inc.,* 862 F.2d 427, 428–29 (2d Cir.1988)). Determination of that inquiry is committed to the sound discretion of the judge whose disqualification is sought. *Id.* (citing *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989)). Moreover, "[w]here grounds for recusal do not exist, the judge is obligated not to recuse herself." *Id.* (citing *Drexel,* 861 F.2d at 1312; *Wolfson v. Palmieri,* 396 F.2d 121, 124 (2d Cir.1968)).

 Applying that standard, I must decline to recuse myself. As a prosecutor in this district from 1990 to 2001 (including lengthy periods when I was assigned elsewhere), I worked at various times with

---

1. As a technical matter, I note that I cannot in any event grant the precise relief counsel requests. I can only decide whether to recuse myself. Should I do so, the discretion to transfer the case to another Magistrate Judge rests with the Chief Judge of this district pursuant to Local Rule 50.4.

dozens, if not hundreds, of the attorneys who regularly appear in this court. Other Magistrate Judges and District Judges in this district likewise served as prosecutors here prior to appointment. If recusal were required simply by virtue of the fact that a judge and an attorney in a case had once been employed in the same office, the administration of justice in this court and elsewhere would be severely hampered. More important, there is nothing about that relationship in itself that would or should cause a fully informed, reasonable, and objective observer to think that a judge's recusal would be needed to achieve a just result.

Further, in an abundance of caution, I have looked for advisory opinions by the Committee on Codes of Conduct of the Judicial Conference of the United States interpreting the Code of Conduct for United States Judges. Although none appears directly on point, Advisory Opinion 11 concludes that a judge need not recuse himself simply because a party is represented by a firm in which a friend is a member or associate. "It cannot be that judges must recuse from all cases handled by a law firm simply because judges have firm members for friends. [T]here may be special circumstances dictating disqualification, but a friendly relationship is not sufficient reason in itself."

Finally, as Judge Glasser observed in *United States v. Kasman,* 1993 WL 278440, *7 (E.D.N.Y. Jul.20, 1993), there is another statute that should properly be considered in this context; namely, 28 U.S.C. § 453, which requires all federal judicial officers, upon taking office, to swear or affirm "that I will administer justice without respect to persons ... and that I will faithfully and impartially discharge all the duties incumbent upon me ...." Like Judge Glasser, I remain ever conscious of my oath in considering—and denying—the instant application.

For the reasons set forth above, the application by defendant Long Island Cycle & Marine, Inc. for reassignment of this case to another Magistrate Judge is DENIED.

**SO ORDERED.**