LOCAL 338, RWDSU, Plaintiff,

v.

TRADE FAIR SUPERMARKETS a/k/a Trade Fare Supermarkets, Defendant.

No. CV–06–3215 (BMC)(JO).

United States District Court, E.D. New York.

Sept. 21, 2006.

Friedman & Wolf, New York, NY, by Abigail R. Levy, for plaintiff.

Frank M. Graziadei, New York, NY, for defendant.

## *ORDER*

COGAN, District Judge.

On September 19, 2006, plaintiff's counsel wrote a letter disclosing to the Court that her father is a partner at my former law firm, Stroock & Stroock & Lavan LLP. I entered an Order that same day, directing that, "[i]f either party believes that the issue raised in plaintiff's counsel's letter warrants recusal, they shall advise the Court within 7 days hereof." On September 21, 2006, defendant's counsel submitted a letter, stating that "my client, unfortunately, feels that there may be an issue and I would therefore respectfully request that this case be transferred to another judge." For the reasons set forth below, the application is denied.

The following are some additional facts that do not appear on the record. I was a partner or associate at Stroock for over twenty-five years before taking the bench. It is a large, national law firm that presently has, I believe, approximately 100 partners and 250 associates in three cities. It does not and cannot appear before me on any matters, because my wife remains a partner there. As to the father of plaintiff's counsel, he is a tax lawyer, not a litigator as I was, and I do not believe that

I ever worked with him on any matter. Our offices were always on different floors (I do not know where his was, but it was always on a different floor from the litigation department). We had a friendly but casual acquaintance in the office and had no occasion to ever socialize outside of the office. I have a vague recollection that as an associate in the mid–1980s, the firm did pro bono work for a not-for-profit client in which plaintiff's counsel's mother was involved, although of course I did not know until now that she was plaintiff's counsel's mother. I believe that I met her mother in connection with that matter, although I do not remember what the matter was about. I did not know who their children were, or if they had children, let alone that one of them is a lawyer, until I received the letter from plaintiff's counsel.

As a threshold matter, I recognize that defendant has not requested my recusal pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455(b)-(c). That is, he is not claiming that I am actually biased, prejudiced, or in any way interested in the outcome of this case. Defendant's counsel is merely acting out of an abundance of caution to guard against any impropriety. This is entirely proper, as was plaintiff's counsel calling the issue to my attention.

■■■ Requests for recusal concerning an appearance of impropriety fall under 28 U.S.C. § 455(a). That statute requires recusal if "an objective, disinterested observer fully informed of the facts would entertain significant doubt that justice would be done absent recusal." *United States v. Oluwafemi*, 883 F.Supp. 885, 890 (E.D.N.Y.1995) (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428–29 (2d Cir.1988)). The determination of the issue is committed to my sound discretion. *Id.* (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988)).

There are a number of recusal cases involving judges' former law firms, and it is rare that recusal is granted based only on a question of impartiality because of the judge's former affiliation. Indeed, the facts of the cases that reject recusal describe far closer relationships than the one raised here. *See, e.g., Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157 (5th Cir.1982) (fact that some defendants in suit were related to members of the judge's former law firm did not require judge to disqualify himself); *Faulkner v. National Geographic Soc.*, 296 F.Supp.2d 488 (S.D.N.Y.), *aff'd*, 409 F.3d 26 (2d Cir.2005) (recusal not required where trial judge in copyright infringement action once represented a defendant in an unrelated matter while the judge was a practicing lawyer, even though his former law firm colleague had been a member of the board of the defendant while they were associated in practice); *Miller Industries, Inc. v. Caterpillar Tractor Co.*, 516 F.Supp. 84 (S.D.Ala.1980) (recusal not required in lawsuit in which judge's former law firm represented one of parties and judge had entered into various investments with certain of his former law partners prior to his appointment to federal bench). In addition, Advisory Opinion 11 by the Committee on Codes of Conduct of the Judicial Conference of the United States provides that "[i]t cannot be that judges must recuse from all cases handled by a law firm simply because judges have firm members for friends. [T]here may be special circumstances warranting disqualification, but a friendly relationship is not sufficient reason in itself."

Under the applicable standard and the authorities applying it, recusal is not warranted here. In the twenty-five years that I was at Stroock, dozens and probably hundreds of lawyers worked there, both partners and associates, with whom I had

a friendly but casual relationship. The large number of lawyers weighs against any appearance that I would favor one party in a lawsuit simply because the offspring of a Stroock partner was handling that case. In addition, because it is a relatively large firm, disqualifying myself based on the fact that a partner has an offspring who is a lawyer and fortuitously appears before me would be an extraordinarily difficult rule to enforce; attempting to administer justice in this court would be severely hampered.

Although it is important for a judge to avoid situations in which his impartiality might reasonably be questioned, it is equally important that he not undertake recusal lightly, and that he avoid it when his impartiality cannot reasonably be questioned. "Where grounds for recusal do not exist, the judge is obligated not to recuse himself." *Oluwafemi*, 883 F.Supp. 885 (citing *Drexel*, 861 F.2d at 1312). This principle is not intended simply to further efficient judicial administration; to recuse without sufficient grounds would diminish the oath of impartiality that all judges are required to take. Under 28 U.S.C. § 453, I affirmed that I would "administer justice without respect to persons … and that I will faithfully and impartially discharge all the duties incumbent upon me …" There is nothing in the instant case that gives me the slightest pause about complying with this undertaking.

Accordingly, defendant's request for recusal is denied.

**SO ORDERED.**