13-1465-cv
*Goins v. Bridgeport Hosp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMEY GOINS,

　　　　*Plaintiff-Appellant,*

　　　　　-v.-　　　　　　　　　　　　　　　No. 13-1465-cv

BRIDGEPORT HOSPITAL, MARYLYN COSCIA, IN HER OFFICIAL
AND INDIVIDUAL CAPACITY, CANDACE MAFFEI, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY,

　　　　*Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**　　　W. MARTYN PHILPOT, JR., New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**　　MICHAEL N. LAVELLE (Adam S. Mocciolo, *on the brief*), Pullman & Comley, LLC, Bridgeport, CT, for Appellees Bridgeport Hospital and Candace Maffei.

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

GORDON D. QUINN, Sullivan, Hayes & Quinn, LLC, Springfield, MA, for Appellee Marylyn Coscia.

Appeal from a judgment, entered March 26, 2013, of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Amey Goins appeals from the judgment of the District Court granting summary judgment in favor of defendants. She brought claims of employment discrimination against her former employer, Bridgeport Hospital (the "Hospital") and her former supervisor, Marylyn Coscia, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), respectively.[2] Specifically, she alleged race-based discrimination by the Hospital in the form of a hostile work environment, disparate treatment, wrongful termination, and retaliation. Goins further alleged that Coscia created a hostile work environment and discriminated against her in violation of Section 1981.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision to affirm.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citation omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

### A. Hostile Work Environment

To state a claim for a hostile work environment under Title VII and Section 1981, a plaintiff must show that the complained-of conduct: (1) is objectively severe or pervasive; (2) creates an environment that the plaintiff herself subjectively perceives as hostile or abusive; and (3) creates

---

[2] Goins also previously asserted claims against Candace Maffei, another former supervisor, but these claims were dismissed by the District Court, and Goins has not addressed their dismissal on appeal.

2

such an environment because of the plaintiff's race. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (Title VII); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 723–24 (2d Cir. 2010) (Section 1981). Conduct alleged to have created a hostile work environment "must be more than episodic; [it] must be sufficiently continuous and concerted in order to be deemed pervasive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted).

In considering defendants' motion for summary judgment, the District Court properly required Goins to adduce admissible evidence showing that her workplace was so "permeated with discriminatory intimidation, ridicule, and insult . . . [as] to alter the conditions of [her] employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). We affirm the District Court's determination that, even viewing all facts in the light most favorable to her, Goins has not made out a *prima facie* case of a hostile work environment, because her allegations do not rise to the level of frequency or severity necessary to establish such a claim.

### B. Disparate Treatment and Wrongful Termination

As an initial matter, Goins contends that summary judgment on her Count One disparate treatment claims against the Hospital was improper because the Hospital did not specifically move for summary judgment on them. Rather, she argues, the Hospital moved for summary judgment on her Count One claims only on the basis of her hostile work environment theory. Although the record supports the conclusion that the motion for summary judgment included those claims, even assuming those claims were not addressed in the motion, in the circumstances presented here, it is appropriate for us to consider the District Court's dismissal on the merits. *Cf. 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 125 (2d Cir. 2011) ("[W]e may 'affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.'" (quoting *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006)).

Although we have discouraged the practice, a district court may in some circumstances grant summary judgment *sua sponte*. Where "the party either cannot claim to have been surprised by the district court's action or if, notwithstanding its surprise, the party had no additional evidence to bring, it cannot plausibly argue that it was prejudiced by the lack of notice." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000). Here, Goins has not pointed to any evidence she could have brought to oppose the Hospital's motion on these non-termination claims, and the District Court thoroughly canvassed the record in assessing her Count One disparate treatment claims. *See id.* ("[W]hen the moving party cannot plausibly claim that, had it been given notice of the district court's consideration of summary judgment against it, it would have brought forth additional evidence, the district court's failure to give notice is harmless and a remand is futile.").

Accordingly, we consider the District Court's grant of summary judgment on Goins's Count One disparate treatment claims against the Hospital in addition to her Count Three wrongful termination claim against the Hospital and her Count Two Section 1981 disparate treatment claim

against Coscia. On appeal, Goins argues that the District Court improperly ignored genuine issues of material fact that should have been permitted to be put to a jury. For the reasons stated below, we disagree.

### 1. Disparate Treatment in Counts One and Two

We analyze disparate treatment claims under Title VII and Section 1981 under the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Under that test, "a plaintiff first bears the minimal burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006) (internal quotation marks omitted).

"A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment. . . . An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (internal quotation marks omitted). We agree with the District Court that none of the incidents of which Goins complains in Counts One and Two were sufficiently adverse to materially affect the terms and conditions of her employment. Accordingly, Goins cannot make out a *prima facie* case of disparate treatment, and we affirm the District Court's grant of summary judgment on Goins's Count One and Count Two disparate treatment claims on that basis.

### 2. Wrongful Termination in Count Three

Title VII wrongful termination claims are similarly analyzed under the three-step burden-shifting framework established in McDonnell Douglas Corp. *See Joseph v. N.Y.C. Bd. of Educ.*, 171 F.3d 87, 93-97 (2d Cir. 1999).

Upon an independent review of the record and viewing all evidence in the light most favorable to Goins, we agree with the District Court and hold that she has not presented sufficient evidence of pretext to defeat a summary judgment motion on her Count Three wrongful termination claim. Even assuming Goins could make out a prima facie case of discrimination in this case, the Hospital has proffered evidence of non-discriminatory justifications for her termination, including negative performance reviews and failure to follow hospital protocol. In response, Goins has not offered evidence sufficient to create a triable issue of material fact as to whether these justifications were pretextual. Her evidence of racial discrimination is conclusory and nonspecific, based largely on her own impressions. Moreover, Goins has failed to point to a single item of

4

evidence that suggests she was terminated because of her race. Without more, Goins cannot demonstrate pretext.

### C. Retaliation

Finally, Goins contends that she was discharged in retaliation for filing two complaints with the Connecticut Commission on Human Rights and Opportunities ("CHRO").

We analyze Title VII retaliation claims under the *McDonnell Douglas* burden-shifting framework. *See Fincher*, 604 F.3d at 720; *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). To prove retaliation under Title VII, Goins must show that one of her complaints was a "but-for" cause of her termination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, — U.S. —, —, 133 S. Ct. 2517, 2528 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action.").[3]

The District Court found that there was a sufficient temporal connection between the June 2009 and October 2009 CHRO complaints and Goins's negative review in November 2009 and termination in March 2010. We agree and conclude that Goins has made out a *prima facie* case of retaliation on that basis. However, the Hospital proffered evidence of non-retaliatory justifications for Goins's termination—namely, that Goins failed to follow hospital protocol and did not improve her performance after being put on a ninety-day probationary period. In response, Goins has not offered evidence to show pretext or to create a triable issue of material fact as to whether the negative review and termination "would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 133 S. Ct. at 2533. Accordingly, we affirm the District Court's dismissal of the retaliation claims.

### CONCLUSION

We have reviewed the record and considered Goins's remaining arguments on appeal, and find them to be without merit. For the reasons set out above, we **AFFIRM** the March 26, 2013, judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We note that the "but-for" standard for retaliation is a different standard than was applied by the District Court. It was only after the District Court's decision was issued that the Supreme Court clarified in *Nassar* that the but-for standard properly applies to retaliation claims under Title VII.