*Kleehammer v. Monroe Cnty.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand fourteen.

PRESENT:
            ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*
_____

Stephanie Kleehammer,

                        *Plaintiff-Appellant*,

            v.                                                        13-1654-cv

Monroe County, *et al.*,

                        *Defendants-Appellees.*
_____


**FOR PLAINTIFF-APPELLANT:**        Stephanie Kleehammer, pro se

**FOR DEFENDANTS-APPELLEES:**        Howard A. Stark (James L. Gelormini, *on the brief*), *for* Merideth H. Smith, Monroe County Attorney, Rochester, N.Y.


Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals from the September 30, 2010 and March 20, 2013 orders of the district court are **DISMISSED** and the November 27, 2012 order of the district court is **AFFIRMED**.

Appellant Stephanie Kleehammer, proceeding pro se, appeals from (1) the district court's September 8, 2010 order dismissing in part her claims of employment discrimination; (2) the November 27, 2012 order granting summary judgment for defendants on her remaining claims; and (3) the March 20, 2013 order sanctioning counsel. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Jurisdiction

We have an independent obligation to consider the scope of our jurisdiction. *See Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In most civil cases, a party must file a notice of appeal "with the district court clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Because the district court entered judgment on April 1, 2013, Kleehammer had until May 1, 2013 to file a notice of appeal.

On April 29, 2013, Kleehammer filed a timely notice of appeal, which expressed an intent to appeal from the district court's November 2012 order,[1] but did not mention the district court's September 2010 order of dismissal. Federal Rule of Appellate Procedure 3(c)(1) requires that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). The dictates of Rule 3 are jurisdictional in nature. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012). Accordingly, "our jurisdiction is limited by the wording of the notice," which does not raise the September 2010 order for our review. *See New Phone Co. v. City of New York*, 498 F.3d 127, 130–31 (2d Cir. 2007) (holding that notice of appeal's failure to mention first of two district court orders barred consideration of claims decided in earlier order). Although Kleehammer filed an amended notice of appeal on May 3,

---

[1] Although the notice of appeal filed on April 29, 2013 explicitly refers only to the orders "dated November 27, 2013 and March 20, 2013, dismissing the Complaint," Special App'x at 120, this notice clearly manifests Kleehammer's intention to appeal from the district court's order granting defendants' motion for summary judgment on November 27, 2012, as there is no order dated November 27, 2013. *See Becker v. Montgomery*, 532 U.S. 757, 767–68 (2001) ("[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court."); *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) ("Our jurisdiction, however, depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notices of appeal.").

2

2013, which did express an intent to appeal from the September 2010 order, that filing is legally inoperative because it was untimely filed. *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 668 (2d Cir. 2013) (disregarding amended notice of appeal belatedly filed under analogous circumstances).

Kleehammer's timely filed notice of appeal also expressed an intent to appeal from the Rule 11 sanction imposed on counsel. Because the district court did not sanction Kleehammer, there is no case or controversy with respect to her. "Where an award of sanctions runs only against the attorney, the attorney is the party in interest and must appeal in his or her name." *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429–30 (2d Cir. 1988) (holding that the court lacked jurisdiction to consider an award of sanctions entered against attorney because the notice of appeal did not provide that attorney was appealing in his own name). Although counsel could have separately appealed from the imposition of the Rule 11 sanction, she did not do so, and neither notice of appeal suggested her intent to appeal in her own name. Accordingly, we have jurisdiction to consider only Kleehammer's appeal from the district court's November 2012 order granting summary judgment for the defendants.

## II. November 2012 Order Granting Summary Judgment

As a preliminary matter, we need not consider whether Kleehammer engaged in a protected activity by filing a charge with the Equal Employment Opportunity Committee because she did not raise this claim before the district court. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008). On appeal, she also waived any argument that defendants punished her rather than her coworkers, as she did not address this issue in her appellate brief. *See United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002). We therefore address only Kleehammer's assertion that defendants retaliated against her for reporting workplace incidents when they denied her Z-time and ordered her to return to work.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

We apply a three-step burden-shifting analysis for evaluating Title VII retaliation claims. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). A plaintiff must first demonstrate "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (quotation marks omitted). Once plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to "articulate a legitimate, non-retaliatory reason for the adverse employment action." *Jute*, 420 F.3d at 173. If the employer satisfies this

3

burden, the plaintiff must then demonstrate that the proffered reason is pretext for retaliation and that the plaintiff's "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, —U.S.—, 133 S. Ct. 2517, 2534 (2013).

Prior to the Supreme Court's decision in *Nassar*, to show pretext, a plaintiff needed only to demonstrate that "a retaliatory motive played a part in the adverse employment actions." *Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990). However, *Nassar* applies even where, as here, the district court did not have the benefit of that case when ruling on the retaliation claims. *See Goins v. Bridgeport Hosp.*, 555 F. App'x 70, 74 n.3 (2d Cir. 2014). Prior to *Nassar*, a plaintiff's claim of retaliation under NYSHRL was evaluated pursuant to the same three-step burden-shifting analysis as above. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1177 (2d Cir. 1996). We have not decided whether the but-for-causation standard also now applies to retaliation claims under NYSHRL. *Cf. Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 n.7 (2d Cir. 2013) ("[W]e do not decide whether [plaintiff's] NYSHRL claim is affected by *Nassar*, which by its terms dealt only with retaliation in violation of Title VII."). However, we need not reach the issue because Kleehammer failed to satisfy even the lesser standard. She has provided no evidence that defendants' nonretaliatory explanations for either denying her Z-time or ordering her to return to work after she was medically cleared to do so were pretextual.

We have considered Kleehammer's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal from the September 2010 order granting partial dismissal and March 2013 order sanctioning counsel, and we **AFFIRM** the district court's November 2012 order granting summary judgment for defendants.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk