21-2115-cv
*Offor v. Mercy Med. Ctr. et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Rosemary S. Pooler,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

DR. CHINWE OFFOR,

        *Plaintiff-Appellant,*

    v.                                          No. 21-2115-cv

MERCY MEDICAL CENTER AKA MERCY HOSPITAL, ROCKVILLE CENTRE DIVISION, CATHOLIC HEALTH SERVICES OF LONG ISLAND, DR. SWARNA DEVARAJAN, DR. JOHN P. REILLY,

        *Defendants-Appellees.*

_____

*For Plaintiff-Appellant:*    Iᴋᴇ Aɢᴡᴜᴇɢʙᴏ, Ike Agwuegbo & Co. PC, New York, NY.

*For Defendants-Appellees:*    Aᴀʀᴏɴ F. Nᴀᴅɪᴄʜ, Nixon Peabody LLP, Providence, RI (Tara E. Daub, Nixon Peabody LLP, Jericho, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hurley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dr. Chinwe Offor is a former employee of Mercy Medical Center ("MMC"). The defendants-appellees include MMC, Rockville Centre Division; the health care system that operates MMC, Catholic Health Services of Long Island; and Offor's former superiors at MMC, Drs. Swarna Devarajan and John P. Reilly. Offor appeals from the judgment dated September 1, 2021, that granted the defendants' motion for summary judgment on Offor's claim under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq. See Offor v. Mercy Med. Ctr.*, No. 15-CV-2219, 2021 WL 3909839 (E.D.N.Y. Sept. 1, 2021). Offor challenges that decision and several interlocutory orders. We affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts and procedural history.

## I

We review a district court's grant of summary judgment de novo. *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 763 (2d Cir. 2002). "Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id*. Absent disputed issues of material fact, "our task is to determine whether the district court correctly applied the law."

2

*Id.* (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995)). Offor argues the district court erred in two ways. First, Offor claims that this court's prior decision of January 20, 2017—in which we concluded that Offor had stated a claim that survived a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)— precluded the district court from later granting summary judgment to the defendants under Federal Rule of Civil Procedure 56. Second, Offor argues that she satisfied all the elements of a retaliation claim under the FMLA. We find both arguments unpersuasive.

Offor's first argument conflates the standard applicable to a Rule 12(b)(6) motion with that applicable to a Rule 56 motion for summary judgment. A motion to dismiss under Rule 12(b)(6) evaluates the sufficiency of the allegations of the complaint without reference to extrinsic evidence. Fed. R. Civ. P. 12(b)(6); *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). A motion for summary judgment under Rule 56 allows consideration of the evidence on record, so that the district court may "look behind the pleadings to facts developed during discovery" in order to evaluate whether the plaintiff can support the allegations on the merits. *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 554 (2d Cir. 1977); Fed. R. Civ. P. 56. It is not unusual for a plaintiff's claim to survive a motion to dismiss and then to fail at the summary judgment stage. That is what happened here.

With regard to Offor's second argument, we conclude that Offor failed to establish a dispute of material fact that the defendants retaliated against her in violation of the FMLA. The FMLA grants eligible employees the right "to a total of 12 workweeks of leave during any 12-month period … to care for [a] spouse, or a son, daughter, or parent" who "has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). "Son or daughter" is defined as either a child under the age of eighteen or a child who is incapable of self-care due to a mental or physical disability. 29 U.S.C. § 2611(12)(A)-(B). Following an assumption of leave under the

FMLA, an employee is entitled to resume her former position or an equivalent one. 29 U.S.C. § 2614(a)(2) (providing that "[t]he taking of [FMLA] leave … shall not result in the loss of any employment benefit accrued prior to" that leave).

To protect an employee's rights under the FMLA, an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" those rights. 29 U.S.C. § 2615(a)(1). To prevail on her FMLA retaliation claim, Offor was required to establish that (1) she "exercised rights protected under the FMLA"; (2) she was "qualified for [her] position"; (3) she "suffered an adverse employment action"; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). We agree with the district court that Offor failed to demonstrate that the adverse employment action "occurred under circumstances giving rise to an inference of retaliatory intent." *Id*.

Offor's FMLA claim accordingly fails. As the district court noted, Offor relied "solely on temporal proximity to raise the inference of retaliatory intent—namely, the time between her retention of an attorney to assist her in getting leave to be with her daughter and Defendants putting her on [Focused Practitioner Performance Evaluation] review." *Offor*, 2021 WL 3909839, at *12 n.10 (internal quotation marks and alteration omitted). We have previously held that mere temporal proximity does not raise an inference of retaliatory intent sufficient to survive summary judgment. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."). Moreover, Offor "overlooks the extensive investigatory and disciplinary actions Defendants took before she retained her attorney in November 2012," relating both to her behavior and to her performance as a physician. *Offor*, 2021 WL 3909839, at *12 n.10. In other words, Offor was already subject to disciplinary scrutiny before she challenged her employer regarding the vacation request. Under these circumstances, the record does not allow for an inference that the employer retaliated against Offor in violation of the FMLA.

4

Offor additionally argues that the Report and Recommendation of Magistrate Judge Steven Locke that preceded the district court's September 2021 order is invalid. The district court judge who requested the Report and Recommendation died before it was completed, so the Report and Recommendation eventually was submitted to a different judge. *See Offor v. Mercy Med. Ctr.*, No. 15-CV-2219, 2021 WL 4776451 (E.D.N.Y. May 11, 2021). We agree with the district court that the governing law, 28 U.S.C. § 636(b)(1), does not indicate or imply that the judge who assigns the Report and Recommendation must be the same judge who receives it.

## II

Next, Offor challenges the district court's orders granting the defense motion for sanctions against herself and her counsel—pursuant to Federal Rules of Civil Procedure 11(b)(1) and (b)(2), 28 U.S.C. § 1927, and the district court's inherent authority—for repeated violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the district court's redaction rules. Although the district court initially granted the defendants' motion for sanctions against both Offor and her counsel Ike Agwuegbo, it later ruled that "[a]ny attorney's fees will be payable by Agwuegbo, and not the Plaintiff." Memorandum of Decision & Order at 8, *Offor v. Mercy Med. Ctr.*, No. 15-CV-2219 (E.D.N.Y. Aug. 29, 2018), ECF No. 98. The district court ultimately imposed the sanctions only against Agwuegbo. Offor's challenge to the sanctions against herself is moot, and she lacks standing to challenge the imposition of sanctions against Agwuegbo. *See, e.g., Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001).

Agwuegbo has standing to appeal the sanctions imposed on him. *See id.* In order to appeal, he should have filed his own notice of appeal. "Where an award of sanctions runs only against the attorney, the attorney is the party in interest and must appeal in his or her name." *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir. 1988); *see also Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 399 (2d Cir. 1997) (noting that an attorney "failed to satisfy the jurisdictional requirements of Federal Rule of Appellate Procedure 3(c) by not listing himself as a party to the appeal in the notice of appeal's caption or body"); Fed. R. App. P. 3(c)(1) (requiring

5

that a notice of appeal specify the party or parties taking the appeal and designate the decision from which the appeal is taken). However, Federal Rule of Appellate Procedure 3(c) also provides that "[a]n appeal must not be dismissed … for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(7). In *Agee*, the sanctions had been imposed on the attorney and his client jointly and severally, and we dismissed the challenge to the sanctions imposed on the attorney because there was no notice of appeal filed by the attorney and no clear indication that the sanctions imposed against the attorney—as opposed to those against the client—were being challenged. *See* 114 F.3d at 399. We distinguished the circumstances in *Agee* from those in which appellate jurisdiction was assumed because the "sanctions were imposed solely against the attorney" and the notice of appeal expressly designated the sanctioning order as being challenged. *See id.* (discussing *Garcia v. Wash*, 20 F.3d 608 (5th Cir. 1994)).

In this case, we conclude that because the district court ultimately awarded sanctions only against Agwuegbo—and because the order for sanctions against Agwuegbo is specifically listed in the notice of appeal—we have jurisdiction to entertain his challenge. We therefore turn to the merits of Agwuegbo's challenge to the award of sanctions against him.

We review the award of sanctions for abuse of discretion. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). A district court abuses its discretion when "(1) its decision rests on an error of law … or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.*, 311 F.3d 488, 498 (2d Cir. 2002)). Here, Agwuegbo claims that the defendants "misled the Court when they represented to the Court that Offor's Counsel had filed papers on the ECF without redacting hundreds of Patient Personal Information [*sic*]," explaining that the submissions were "redacted enough to make it impossible to identify the Patient." Appellant's Br. 58-59. We find this argument unpersuasive.

As summarized by the district court in an earlier March 2016 order, "Although [Agwuegbo] made some redactions … many of the documents contain unredacted patient names, patient telephone numbers and addresses, medical record numbers, treatment dates, and details concerning patients' medical care." *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 424 (E.D.N.Y. 2016), *aff'd in part*, *vacated in part, remanded*, 676 F. App'x 51 (2d Cir. 2017). Agwuegbo was notified several times by opposing counsel that Offor needed to redact sensitive information from her initial complaint and first amended complaint. Yet Agwuegbo refused to redact or to seal the documents. In fact, in response to the defendants' motion to seal, Agwuegbo filed a cross-motion to amend and attached hundreds of pages of filings that included sensitive personal information about patients. He also filed similarly unredacted documents when responding to the defendants' motion to dismiss, attaching hundreds of pages of partially redacted patient information. He did the same thing again in Offor's reply memorandum in support of her cross-motion to amend.

The district court did not abuse its discretion in concluding that "there is more than ample basis … to conclude that (1) the Plaintiff and Agwuegbo lacked a colorable basis to file unredacted confidential information; and (2) the Plaintiff and Agwuegbo exhibited bad faith in continuing to file documents on the public docket with confidential information despite being warned by the Defendants of their obligation to redact such information." *Offor*, 2016 WL 3566217, at *3. We affirm the judgment of the district court.

## III

Third, Offor argues that the district court abused its discretion when it issued an order on August 19, 2020, dismissing her objections to the order of Magistrate Judge Locke dated June 11, 2020, that denied her motion to compel. *See* Order, 15-CV-2219 (E.D.N.Y. Aug. 18, 2020). On December 30, 2019, Offor served New York Presbyterian Hospital ("NYPH") with a subpoena seeking the medical records of an infant who had been treated at NYPH in 2013 after being transferred out of Offor's care at MMC. Offor accuses the district court of "absurdly ruling that the records were excessive to the needs of the case" and suggests that the

sought-after records "will further prove the deletion of the Patient's Charts." Appellant's Br. 44. We conclude the district court did not abuse its discretion.

In reviewing a motion to compel, the district court must determine whether the moving party has established the relevance of the information sought and its proportionality in relation to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 45 subpoenas served on non-parties are subject to the same requirements. *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011). In evaluating Offor's motion, the district court concluded that "[r]ecords concerning medical care of a patient after that patient left the Hospital and Dr. Offor's care, and which Plaintiff does not argue that Defendants ever saw or relied upon in making the decision to terminate her, are not relevant to her claims or Defendants' defenses." Order at 2, 15-CV-2219 (E.D.N.Y. Aug. 18, 2020). The district court did not abuse its discretion in determining that the records Offor's employer had not seen would not support a claim of retaliation.

## IV

Fourth, Offor claims that the district court abused its discretion when it denied her motions for sanctions against the defendants for submitting allegedly spoiled documents. In an order dated September 1, 2021, the district court concluded that Offor's allegations that the defendants created fraudulent documents lacked merit. *Offor*, 2021 WL 3909839, at *3-7.

"The district court's decision as to whether or not sanctions should be awarded is … reviewable only for abuse of discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004). Here, Offor declares that "[n]ever in the history of American Jurisprudence has any litigant produced so many false and fabricated documents, fraudulently seeking an advantage in a lawsuit." Appellant's Br. 27. We find Offor's arguments baseless and affirm the district court's judgment.

"Spoliation of evidence occurs when a party or an agent of such party destroys or significantly alters evidence, or fails to properly preserve it for another's use as evidence in a pending or reasonabl[y] foreseeable litigation." *Alaimo v. Trans World Airlines, Inc.*, No. 00-CV-3906, 2005 WL 267558, at *3

8

(S.D.N.Y. Feb. 3, 2005). "The submission of false documents is clearly sanctionable." *Bravia Cap. Partners Inc. v. Fike*, No. 09-CV-6375, 2015 WL 1332334, at *18 (S.D.N.Y. Mar. 25, 2015). Offor had the burden to prove "by clear and convincing evidence" that the defendants perpetuated fraud on the court. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). Meanwhile, the defendants have "no obligation here to 'disprove' fraud." *Bullock v. Reckenwald*, No. 15-CV-5255, 2016 WL 5793974, at *19 (S.D.N.Y. Aug. 24, 2016).

The district court did not abuse its discretion in concluding that Offor failed to prove by clear and convincing evidence that the defendants committed fraud. She claimed that misstatements in certain documents—such as two incorrectly dated documents—and the use of a second email address in correspondence suggested that the underlying documents were fraudulent. We agree with the district court that such mistakes do not establish fraud. Offor also points to a doctor's note memorializing a meeting as a "fraudulent mischaracterization of the meeting" because an email to Human Resources—describing the same meeting but authored by another doctor—contains a different account. Appellant's Br. 36. The district court noted that the two recollections of the meeting "are not irreconcilable" and "[t]he divide between [the] 'general' and 'specific'" nature of the two notes "is not great enough to indicate fraud." *Offor*, 2021 WL 3909839, at *6. We agree that the differing levels of detail between the two summaries are not enough to establish fraud. We again affirm the judgment of the district court.

## V

Last, Offor challenges a December 2020 order of the district court, claiming that the order dismissed her motion to strike five purported expert reports on the ground that the defendants failed to make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B). In fact, the order deferred Offor's motion to strike for consideration at the summary judgment stage. In its September 2021 order, the district court denied her motion to strike, noting that Offor failed to explain why the five documents she sought to strike qualified as "expert reports." *Offor*, 2021 WL 3909839, at *13-14.

9

We review evidentiary decisions in connection with a motion for summary judgment for abuse of discretion. *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009). We disturb such a decision only if it is "manifestly erroneous." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002). Offor argues that the district court erred in admitting several documents that "purport[ed] to be Expert Reports." Appellant's Br. 56. We again affirm the district court.

None of the documents Offor describes as "expert reports" are such reports. Rather, the documents are contemporaneous records, consisting of external reviews of Offor's clinical performance, that were created years before Offor filed her complaint. While some of the documents might have been authored by people who could be considered "experts," the Federal Rules of Evidence do not require that all materials created by individuals with specialized knowledge be treated as "expert reports." *See Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004) ("The fact that [a witness] has specialized knowledge, or that he carried out [an] investigation because of that knowledge, does not preclude him from testifying pursuant to Rule 701, so long as the testimony was based on the investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise in [the relevant area of expertise].").

The district court did not abuse its discretion when it denied Offor's motion to strike on summary judgment.

\*     \*     \*

We have considered Offor's remaining arguments, which we conclude are without merit. We AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10